Charles A. Haines, Jr., Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Argued February 3, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, CRAIG, MacPHAIL and PALLADINO. Judges WILKINSON, JR. and WILLIAMS, JR. did not participate.

*Lester H. Zimmerman, Jr., Barron & Zimmerman,* for petitioner.

*Earl R. Dryer,* Assistant Attorney General, with him *Barbara G. Raup,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 24, 1981:

The petitioner, Charles A. Haines, Jr., appeals from a decision of the State Civil Service Commission (Commission) which dismissed him from his position as a probationary employee because of his political activity.

The petitioner was appointed on January 27, 1979 to a probationary civil service position as a Public Service Trainee in the Department of Public Welfare. On March 6, 1979, he filed a nomination petition seeking the Republican nomination for the office of Snyder County Commissioner. Upon being informed of this action, the Commission conducted an evidentiary hearing, concluded that the petitioner's filing of such a nomination petition violated the proscription against political activity by employees in the classified service contained in Section 904 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.904,[1] and removed the petitioner from his

---

[1] Section 904 provides:

No person in the classified service shall be a member of or delegate or alternate to any political convention, nor shall he participate at any such convention, except in the performance of his official duty or as a visitor, nor shall he serve as a member of any committee of any political party, or take an active part in political management or in political campaigns, or use his office or position to influence political movements or to influence the political action of any officer or employe in the classified service, nor shall he circulate or seek signatures to any nominations or other petition required by any primary or election law, nor shall he seek or accept election, nomination or appointment as an officer of a political club or organization, or serve as a member of a committee of any such club or organization, nor shall he in any manner participate in or interfere with the conduct of any election or the preparation therefor at the polling place or with the election officers while counting the votes or returning the election material to the place provided by law for that purpose, save only for the purpose of making and depositing his own ballot as speedily as it reasonably can be done, nor shall he be within the polling place or within fifty feet thereof, except for the purpose of carrying out official duties and of ordinary travel or residence during the period of time beginning with one hour preceding the opening of the polls for holding such election and ending with the time when the election officers shall have finished counting the votes and have left the polling

position as required by Section 906 of the Act, 71 P.S. §741.906.[2]

The petitioner contends that a probationary employee, such as himself, is not within the classified service and that his position was, therefore, not subject to the Section 904 restrictions against political activities. He supports this assertion by arguing (1) that he never received notice that a probationary employee was subject to the prohibitions of Section 904, (2) that the statutory language evidences a legislative intent to exclude probationary employees from inclusion in the classified service and (3) that Section 603 of the Act, 71 P.S. §741.603, which concerns removal of probationary employees, is penal in nature

---

place for the purpose of depositing the election material in the place provided by law for that purpose, excepting only police officers, who may temporarily approach or enter the polling place in order to make any arrest permitted by law or for the purpose of preserving order and in each case remain only long enough to accomplish the duties aforesaid after which the said officers shall at once withdraw: Provided, however, That the rights of any individual as a citizen are not impaired hereby, and the prerogative to attend meetings, to hear or see any candidate or nominee, nor to express one's individual opinion, shall remain inviolate.

[2] Section 906 provides:

Any person holding a position in the classified service who violates any of the provisions of this act or of the rules made thereunder shall be immediately separated from the service. It shall be the duty of the appointing authority of the State Agency in which the offending person is employed to remove him at once in accordance with the provisions of this act. Any person removed under this section shall for a period of one year be ineligible for reappointment to any position in the classified service.

This Court held in a companion case, *Cardamone v. Civil Service Commission* (No. 1049 C.D. 1980, filed April 24, 1981), that under Section 906 the Commission has no discretion to impose a lesser penalty than removal once it is shown that a civil service employee has violated Section 904.

and that, inasmuch as that section contains no reference to Section 904, Section 603 must be construed in the petitioner's favor to exclude political activity as a cause for removal. Alternatively, he poses constitutional challenges to the Act, claiming (1) that Section 904 is unconstitutionally vague and (2) that the Act violates the equal protection clause by imposing distinctions between probationary employees and other employees in the classified service which are unrelated to the purposes of the Act.

First, we must reject the petitioner's argument that this Court misinterpreted the Act in *Wasniewski v. Civil Service Commission*, 7 Pa. Commonwealth Ct. 166, 299 A.2d 676 (1973), when we held that a probationary employee with the Liquor Control Board was within the classified service for purposes of Section 904. Section 3(d)(1) of the Act, 71 P.S. §741.3(d)(1) defines "classified service" to include "[a]ll positions now existing or hereafter created in the Department of Public Welfare, including the county boards of assistance but excluding positions in the general hospitals not otherwise included in the classified service. ..." Section 3(f) of the Act, 71 P.S. §741.3(f) defines "position" as "a group of current duties and responsibilities assigned or delegated by competent authority requiring the full-time or part-time employment of one person." The petitioner has never questioned that the post of Public Service Trainee is a "position" within the scope of the Act nor does he claim that he falls within the exclusion of Section 3(d)(1) for positions in a general hospital. Although he points to individual phrases within the Act to imply that a probationary employee may not automatically fall within the classified service,[3] we believe that probationary

---

[3] *See e.g.*, Section 603(a) which states that "[n]o appointment to a position in the classified service shall be deemed complete until after the expiration of a probationary period" and Section 603(b)

employees are included within the broad definition of "classified service." Such an interpretation is supported by Section 804 of the Act, 71 P.S. §741.804, which concerns the removal of employees during the probationary period and which states in pertinent part: "The appointing authority may remove an employee *from the classified service* at any time before the expiration of the probationary period." Inasmuch as the instant case has not been distinguished from our prior decision in *Wasniewski v. Civil Service Commission, supra,* nor has that decision been shown to be in error, we must reaffirm the holding there that a probationary employee is subject to the Section 904 prohibitions against political activity.

Furthermore, we find no merit in the argument that Section 603(a) of the Act,[4] which discusses criteria for the removal of probationary employees, is a penal statute, that it must, therefore, be construed as the *exclusive* delineation of removal criteria and that Section 904 is consequently inapplicable to probationary employees. Initially, we must express our doubt that removal from the civil service is a penal sanction subject to strict construction under 1 Pa. C. S. §1928 (b)(1). Even were we to accept such a characterization, however, we do not believe that the language of Section 603(a) constitutes the exclusive statement of causes for removal. If the legislature had intended that probationary employees could be removed *only*

---

which provides that an employee "shall at the completion of his probationary period become a classified service employee under the provisions hereof. . . ."

[4] Section 603(a) of the Act provides in pertinent part:

At any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employee is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service.

for unsatisfactory work performance, it could have provided such limitational language as was included in Section 807, 71 P.S. §741.807.[5] In addition, we note that a contrary conclusion would create the absurd result that a probationary employee could not be removed for violation of Section 902 of the Act, 71 P.S. §741.902, proscribing perjury and concealment of information in proceedings before the Commission or for interference with or cheating in civil service examinations as prohibited by Section 903 of the Act, 71 P.S. §741.903. We cannot construe Section 603(a) so as to reach such an unreasonable result. 1 Pa. C. S. §1922(1).

Nor can we find that Section 904 of the Act is unconstitutionally vague as it applies to probationary employees. Although we admit that certain sections of the Act might imply that a probationary employee is not within the classified service, we believe that the Act as a whole sufficiently apprises probationary employees of the conduct that is proscribed. Moreover, any ambiguity that may have existed when the Act was drafted was clarified by this Court in *Wasniewski v. Civil Service Commission, supra,* when we expressly held that probationary employees may be removed for violations of Section 904.

As to the argument that the Act creates unconstitutional classifications, we believe that it is equally without merit. It is undisputed that a state has a legitimate interest in promoting the efficiency and integrity of its civil service employees by insulating them from political pressures, Section 2 of the Act, 71 P.S. §741.2; *Wasniewski v. Civil Service Commission, supra,* and such an interest justifies reasonable restrictions on the first amendment rights of civil ser-

---

[5] Section 807 provides that "[n]o regular employee in the classified service shall be removed *except for just cause.*" (Emphasis added.)

vice employees. *United Public Workers of America v. Mitchell,* 330 U.S. 75 (1947). We believe that such a state interest is also sufficient to support the Act's differing treatment between employees who are in the classified service and those who are not.

Finally, we are also unconvinced by the argument that probationary employees do not have the job security attendant to regular civil service employment and that they, therefore, should not be subjected to the Section 904 restrictions on their livelihood. To the contrary, we find that it is entirely reasonable for the legislature to require persons who seek to attain the benefits of civil service employment to choose between such employment and a political career. Such a requirement is equally applicable to both probationary and regular civil service employees.

We will, therefore, affirm the order of the Commission.

## ORDER

And Now, this 24th day of April, 1981, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.