Richard H. Muehleisen, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Gary M. Lightman, Mancke & Lightman,* for petitioner.

*Earl R. Dryer,* Deputy Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 13, 1982:

The present petition seeks review of the State Civil Service Commission's (Commission) decision, by a letter dated December 16, 1980, denying reconsideration of its previous order removing Richard H. Muehleisen (Petitioner) from his position as an enforcement officer for the Pennsylvania Liquor Control Board for participation in political activities.

The factual background underlying this case as it is now presented to us is an unfortunate one. In early 1977, local voters in Petitioner's home district requested him to run for the position of School Director. Petitioner, through counsel, contacted a Deputy Attorney General Anderson, who allegedly informed Petitioner that he could run for the position if he cross filed and ran nonpartisan. On the basis of this advice, Petitioner circulated nominating petitions and cross filed as a candidate on March 7, 1977. At some point after advising Petitioner, Deputy Attorney General

Anderson learned that seeking such an office consti-
tuted a violation of Section 904 of the Civil Service
Act (Act), Act of August 5, 1941, P.L. 752, as amended,
71 P.S. §741.904. Petitioner was advised that he might
be in violation of the Act and inquired of the Commis-
sion on April 15, 1977 whether he could be a candidate
for the School Director position. On April 19, 1977,
Petitioner was advised by the Commission that he
could not be a candidate. However, Petitioner was un-
able to have his name withdrawn from the election as
March 15, 1977 was the last day to withdraw.[1]

Subsequently, the Commission undertook an inves-
tigation of Petitioner's activities. Prior to the holding
of formal hearings, the Commission sought an opinion
from the Office of the Attorney General as to whether
the Commission had any latitude in prosecuting or en-
forcing Section 904. On January 11, 1979, the Commis-
sion was informed by Attorney General's Opinion
Number 79-3[2] that no discretion was available in such
a matter. Formal hearings were then held by the Com-
mission and on July 3, 1980, the Commission issued its
adjudication and order finding Petitioner had violated
Section 904. In this order, the Commission imposed
the mandatory discharge required by Section 906 of
the Act, 71 P.S. §741.906.[3]

On July 10, 1980, the Petitioner filed with the Com-
mission a Petition for Reconsideration. On August 5,
1980, a Petition for Review of the July 3, 1980 adjudi-
cation and order was filed in this Court. We quashed

---

[1] Petitioner did not win the primary nomination for either party.

[2] 9 Pa. B. 367 (1979).

[3] This Court has held that, upon a finding of a violation of Sec-
tion 904, the Commission has no discretion but to apply Section 906
and discharge an employee. *Vaniscak v. State Civil Service Com-
mission*, 59 Pa. Commonwealth Ct. 16, 428 A.2d 763 (1981) ; *Haines
v. State Civil Service Commission*, 58 Pa. Commonwealth Ct. 640,
428 A.2d 759 (1981).

that appeal on September 5, 1980,[4] due to Petitioner's failure to comply with the 30 day appeal period provided by Pa. R.A.P. 1512(a). By letter of September 5, 1980, the Commission denied Petitioner's July 10, 1980 Petition for Reconsideration.

Petitioner filed an amended Petition for Reconsideration dated September 5, 1980. By letter of December 16, 1980, the Commission reaffirmed it denial of reconsideration. The present Petition for Review was filed seeking review from this latter denial.

Initially, we must determine what questions we may review at this time. Petitioner in its brief seeks to have us review this matter in its entirety, including, and in particular, the July 3, 1980 adjudication and order. Clearly, our review power at this point in the case cannot extend that far. Petitioner lost his right to appeal the July 3 order due to his failure to file in time. As was clearly stated in the September 5, 1980 order of this Court, the filing of a Petition for Reconsideration does not operate to extend the thirty day period for appeal of the original order. Therefore, the only decision subject to review at this time is the December 16, 1980 decision refusing reconsideration. *See Anderson v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 582, 585, 414 A.2d 774, 776 (1980) (rehearing request).[5]

---

[4] 1815 C.D. 1980 (1980) (per Judge BLATT). No application for appeal from that order has been filed.

[5] A denial of a Petition for Reconsideration is appealable by virtue of Section 5105(a)(2) of the Judicial Code, 42 Pa. C. S. §5105 (a)(2). (Granting a right of appeal to agency determinations which are not adjudications for purposes of the Administrative Agency Law). Jurisdiction vests in this Court under Section 763(a)(1) of the Judicial Code, 42 Pa. C. S. §763(a)(1) (appeals from Commonwealth agencies), with the petition for review being the exclusive procedure for judicial review of a government unit determination. Pa. R.A.P. 1502.

The decision to grant or deny a request for reconsideration is a matter of administrative discretion and as such will only be reversed for an abuse of discretion. *See Anderson v. Workmen's Compensation Appeal Board; Avon Grove School District Board of Directors v. Department of Education,* 31 Pa. Commonwealth Ct. 89, 375 A.2d 851 (1977). In the instant case, Petitioner's request for reconsideration to the Commission was quite vague. The request stated only that the Office of Attorney General was prepared to "overrule" its Opinion 79-3 and "issue a new opinion on this matter," and that a "mistake of law and fact was made" in the original hearing. Nowhere is it explained what the errors were, or in what way the new Attorney General's opinion would affect the disposition of Petitioner's case. Furthermore, the alleged "error" of Opinion 79-3 was raised by Petitioner in his August 5, 1980 petition to this Court, which, as previously noted, was quashed for delay. We do not believe a refusal to grant reconsideration in such a situation is an abuse of discretion.

A question of estoppel, *see Department of Public Welfare v. UEC, Inc.,* 483 Pa. 503, 397 A.2d 779 (1979) has also been raised by Petitioner in its brief to this Court; however, it appears from our review of the record in this case that this issue was not presented to the Commission at the hearing or in the reconsideration request. Therefore, we fail to see how the Commission could have abused its discretion in not granting a chance to "reargue" an issue never presented to it.

We affirm.

### ORDER

AND Now, this 13th day of April, 1982, the decision of the State Civil Service Commission, dated December 16, 1980, denying a Petition for Reconsideration, is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.