**SENECA COMPANY (SHOOSTER PROPERTIES), Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (KOBER and Eagle Star Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 24, 1998.
Decided June 5, 1998.

---

Marshall A. Haislup, Philadelphia, for petitioner.

Daniel C. Moraglia, Philadelphia, for respondent, Eagle Star Insurance.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Seneca Insurance Company (Seneca) petitions for review from the December 5, 1997 order of the Workers' Compensation Appeal Board (Board) that denied its petition for rehearing. Seneca sought rehearing of the Board's June 30, 1997 order that remanded to the Workers' Compensation Judge (WCJ) for a third time Eagle Star Insurance Company's (Eagle Star) appeal to the Board. Because we conclude that Section 5105(a)(2) of the Judicial Code,[1] authorizing the appeal of administrative agencies' orders denying petitions for reconsideration, is inapplicable here, we quash the appeal.

This case involves a dispute between two insurance carriers: Seneca and Eagle Star. The facts giving rise to the dispute are as follows. On March 3, 1987, Claimant, Edward Kober, sustained a work-related injury while employed by Shooster Properties (Employer). At that time, Eagle Star was Employer's workers' compensation carrier. On January 26, 1988, Claimant sustained another work-related injury. At that time, Seneca was Employer's workers' compensation carrier.

Seneca accepted liability and made compensation payments accordingly. However, through investigation, Seneca became aware of Claimant's 1987 injury and had Claimant evaluated by an independent medical examiner. The results of the IME indicated that Claimant's 1988 injury was not a new injury, but rather was a reoccurrence of the 1987 injury. Seneca promptly filed a petition to review the notice of compensation payable and a petition to join Eagle Star as an additional defendant.[2]

Eagle Star failed to file an answer to the petition to join and failed to appear at the initial hearing. While the litigation was pending, Claimant and Seneca executed a supplemental agreement indicating that Claimant returned to work with no wage loss. Accordingly, benefits were suspended. By order of July 12, 1991, the WCJ disposed of the matter based on the supplemental agreement executed by the parties.

Seneca appealed to the Board, arguing that while the supplemental agreement disposed of the termination petition, it did not resolve the petition for review of the notice of compensation payable and petition for joinder. The Board agreed and it remanded the matter to the WCJ for a decision on Seneca's outstanding petitions.

On remand, the WCJ found that the notice of compensation payable was materially incorrect. Specifically, the WCJ deemed the averments contained in Seneca's petitions as admitted because Eagle Star had failed to answer. Additionally, the WCJ found the

1. 42 Pa.C.S. § 5105(a)(2).

2. Additionally, Employer filed a petition to terminate benefits.

testimony of Employer's IME doctor credible wherein he opined that Claimant's 1988 injury was a reoccurrence of his 1987 injury. In his December 19, 1992 order, the WCJ substituted Eagle Star as the carrier on the supplemental agreement and ordered Eagle Star to reimburse Seneca for past benefits paid.

On February 22, 1993, Eagle Star filed an appeal to the Board alleging that the WCJ's findings were not supported by substantial evidence of record and that the WCJ erred as a matter of law in granting Seneca's petitions. In its appeal to the Board, Eagle Star alleged that its appeal was timely because it "just received a copy of the decision of Referee Peter E. Perry, Jr." (Reproduced Record "R.R." at 7a).[3]

After hearing arguments by counsel, the Board concluded that in the interest of justice, a remand was necessary. By order of December 13, 1993, the Board remanded the matter to the WCJ for a hearing on the merits.

In his October 17, 1995 order, the WCJ found that Eagle Star had failed to provide adequate excuse for its failure to comply with Section 416 of the Act.[4] The WCJ concluded that because Eagle Star had failed to file an answer without adequate excuse, Section 416 required him to issue an order based upon the petitions and evidence presented to him. Therefore, the WCJ precluded Eagle Star from presenting any evidence. The WCJ further concluded that justice would not be served if Eagle Star were afforded an opportunity to present evidence given its failure to proceed in conformity with the Act and its failure to provide an adequate excuse for such failure.

Eagle Star appealed to the Board, asserting that the WCJ's decision did not comply with the Board's prior remand order that directed the WCJ to conduct a full hearing on the merits. The Board agreed, and concluded that a fair resolution of the case required a hearing on the merits in order to determine whether Claimant's 1988 injury was a new injury or an aggravation of the 1987 injury. By order of June 30, 1997, the Board remanded the matter to the WCJ.

On August 4, 1997, Seneca filed a petition for rehearing with the Board. In reaching its decision to deny Seneca's petition, the Board stated in an order dated December 5, 1997 that:

> [t]he argument which Seneca presently raises in support of its Petition for Rehearing was raised during the pendency of Eagle Star's first Appeal in 1993. At that time, Eagle Star asserted that its Appeal was not untimely, as notice of the WCJ's decision was not served within the twenty day appeal period. The Board accepted Eagle Star's assertion that its Appeal was filed promptly upon receipt of the WCJ's Decision and the Appeal was granted. In essence, this Board has already rejected Seneca's argument that Eagle Star's Appeal was untimely. Seneca has been given an opportunity to present its case, and has nothing additional to offer which would warrant a rehearing. As noted above, the Board has broad authority to grant a remand in the interest of justice, and we feel that this case requires a full hearing on the merits in order to assign liability to the appropriate insurance carrier. Therefore, Seneca's Petition for rehearing will be denied.

Thereafter, Seneca petitioned this Court to review the Board's December 5, 1997 order denying its request for a rehearing.

Eagle Star maintains that the Board's June 30, 1997 order granting the remand is interlocutory. We agree; however, the Board's remand order is not presently before us. Rather, Seneca has petitioned for review from the Board's December 5, 1997 order denying its petition for rehearing.

---

**3.** The 1993 amendments to the Workers' Compensation Act (the Act), Act of June 2, 1915, P.L. 736 *as amended*, 77 P.S. §§ 1–1041.4, changed the name of the referees to workers' compensation judges.

**4.** Section 416 provides that

> [w]ithin fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.

77 P.S. § 821.

Although not factually similar, the case of *Muehleisen v. State Civil Service Commission*, 66 Pa.Cmwlth. 95, 443 A.2d 867 (1982), *aff'd per curiam*, 501 Pa. 335, 461 A.2d 615 (1983), illustrates the principle that an administrative agency's denial of a petition for reconsideration is appealable as a matter of right. *See also* 1 G. Ronald Darlington, et. al., Pennsylvania Appellate Practice, § 312.40 (2d ed.1997). As set forth below, however, we find *Muehleisen* to be distinguishable.

In *Muehleisen*, the petitioner was employed as an enforcement officer for the Pennsylvania Liquor Control Board. In 1977, local voters encouraged him to run for school director. Petitioner contacted a Deputy Attorney General and was informed that he could run for office if he cross-filed and ran nonpartisan. Petitioner followed this advice; however, sometime later, the Attorney General's Office advised petitioner that seeking such an office constituted a violation of Section 904 of the Civil Service Act.[5] Unfortunately, petitioner was unable to remove his name from the ballot.

Thereafter, the Civil Service Commission (Commission) investigated petitioner's activities. Prior to conducting any hearings, the Commission sought an opinion from the Attorney General's Office as to whether it had any latitude in enforcing Section 904. The Attorney General informed the Commission that it did not.

On July 3, 1980, the Commission imposed the mandatory discharge required by Section 906 of the Civil Service Act.[6] On July 10, 1980, petitioner filed a petition for reconsideration with the Commission. On August 5, 1980, petitioner appealed the July 3rd order to this Court. We quashed the appeal due to petitioner's failure to comply with the 30–day appeal period provided by Pa. R.A.P. 1512(a). By letter of September 5, 1980, the Commission denied petitioner's July 10th request for

reconsideration. That same date, petitioner filed an amended petition for reconsideration. By order of December 16, 1980, the Commission affirmed its prior decision. Petitioner then appealed the Commission's denial of his amended petition for reconsideration to this Court.

On appeal, we addressed the merits of petitioner's claims that the Commission had erred in denying his amended petition. Noting that we could only reverse the Commission's decision for an abuse of discretion, we affirmed its order.

We find *Muehleisen* to be distinguishable from the instant case because in *Muehleisen*, the underlying order that petitioner sought reconsideration of was a final order. Here, the Board in the underlying order remanded the matter to the WCJ. That remand order is interlocutory and as such, unappealable. *FMC Corp. v. Workmen's Compensation Appeal Board (Wadatz)*, 116 Pa.Cmwlth. 527, 542 A.2d 616 (1988); *Hallstead Foundry v. Workmen's Compensation Appeal Board (Cudo)*, 66 Pa.Cmwlth. 445, 445 A.2d 254 (1982).

To allow an appeal of an order denying rehearing where the underlying order is interlocutory would, in practice, allow review of an unappealable order. Certainly, such an action would undermine the general rule that appeals may only be taken from final orders and frustrate the goal of efficient judicial administration. For example, in the present case, Seneca argues that the Board erred in its determination that Eagle Star's February 22, 1993 appeal was timely. The issue of whether the Board erred in allowing Eagle Star's appeal is well beyond our scope of review of a denial of a petition for reconsideration.[7] Thus, not only have the Court and the Board[8] been required to address Seneca's claims, but also, the parties themselves

---

**5.** Section 904 of the Act of August 5, 1941, P.L. 752, *formerly*, 71 P.S. § 941.904, repealed by the Act of June 26, 1989, P.L. 47. A similar provision is now found in Section 905.2 of the Act, 71 P.S. § 741.905(b). This section prohibits certain political activities by a civil service employee.

**6.** 71 P.S. § 741.906.

**7.** Citing *Muehleisen*, we recently reiterated that we would only reverse a decision to grant or

deny a request for reconsideration for an abuse of discretion. *Quinn v. State Civil Service Commission*, 703 A.2d 565, 568 n. 3 (Pa.Cmwlth. 1997), *petition for allowance of appeal denied,* —— Pa. ——, —— A.2d —— (1998).

**8.** The Board has addressed the timeliness issue twice.

have had to address the same issues that have been previously litigated and may, after remand, be litigated once again.

Accordingly, we quash Seneca's petition for review.

## ORDER

AND NOW, this 5th day of June, 1998, it is hereby ordered that the foregoing petition for review is QUASHED.