**Dennis FLEEHER, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 30, 2004.

Decided April 1, 2004.

Publication Ordered May 19, 2004.

Peter J. Daley II, California, for petitioner.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

Dennis L. Fleeher (Licensee) petitions this Court for review of the order of the Pennsylvania Department of Transportation (PennDOT), which denied reconsideration of his request for an administrative hearing. Our review is complicated because most of Licensee's actions are tardy and his arguments are difficult to decipher.

Concluding the hearing officer did not abuse his discretion by denying reconsideration, this Court affirms.

In February 2003, Licensee sent a letter requesting an administrative hearing to review discrepancies in his extensive driving record.[1] The letter obliquely suggested an April 1981 citation was erroneously listed. The letter also asserted the unspecified duplication of suspensions, the erroneous listing of four unspecified citations for failure to respond, the imposition of a suspension prior to the receipt of notice in 1999, and false testimony by a district attorney. February 25, 2003 Appeal Letter at 2.

PennDOT properly filed a "motion to order the petitioner to clarify the issues" pursuant to 67 Pa.Code § 491.3(d).[2] In response, the hearing officer entered a rule mailed April 18 directing Licensee *to file a written answer clarifying the issues giving rise to [the] appeal within 30 days* of the mailing date of this Rule to Show Cause and that *failure to file an answer clarifying the issues giving rise to [the] appeal within 30 days* of the mailing date of this Rule *shall be deemed a waiver* of objection to the

Department's proposed action as requested in the Department's Motion to Clarify the Issues and the appeal shall then be marked closed.

Reproduced Record (R.R.) at 4. On May 20, Licensee filed a response to the rule.[3]

Finding Licensee's response untimely, the hearing officer entered an order on June 4, 2003, denying Licensee's request for hearing (merits order). Over four weeks later, Licensee filed petition for reconsideration, which was denied (reconsideration order).

On August 18, 2003, Licensee filed a petition for review with this Court. The petition was filed 10 weeks after the merits order, but within 30 days of the reconsideration order.

■ Licensee presents two arguments. First, he argues a series of unspecified "mistakes and blunders" committed by PennDOT, tantamount to an administrative breakdown, resulted in the merits order which erroneously denied his initial request for a hearing. Second, he argues PennDOT erred by refusing to conduct a hearing on his petition for reconsideration. PennDOT asserts this Court is without

---

**1.** Over the past two decades, Licensee received over 40 citations for violating the Motor Vehicle Code necessitating over two dozen suspensions of his license. In addition to two citations for driving under the influence, Licensee's citations include: 13 for driving with a suspended license; 11 for failure to respond; 9 for speeding; 5 for careless/reckless driving; three for stop sign violations; two for driving too fast for conditions; two for following too closely; two red light violations; and one citation for nonpayment of a judgment. His most recent citation was in September 2001 for driving with a suspended license.

**2.** Section 491.3(d) provides that "[t]he Department may request that the Department hearing officer order that the opposing counsel or party more specifically articulate the

issues giving rise to the appeal." 67 Pa.Code § 491.3(d)

**3.** Licensee's brief details that he "mailed the answer to the "Rule to Show Cause" via First Class United States mail to the Prothonotarvof [sic] the Commonwealth Court May 16, 2003 and was received by the Court on May 20, 2003." Licensee's Brief at 5. This Court was initially puzzled as to why Licensee would mail such a response to our Prothonotary as this matter was before PennDOT and its hearing officer at that time and was not in our original jurisdiction. However, a review of the record indicates that Licensee's response was in fact received by PennDOT's docket clerk, its proper recipient, and counsel's statement was inaccurate. Unfortunately, Licensee's brief is rife with such inaccuracies, which burden our review.

jurisdiction because Licensee's petition for review from the merits order is untimely. It emphasizes Licensee's petition for review was filed over two months after the merits order.

Pa. R.A.P. 1512(a)(1) provides that a petition for review of a quasi-judicial order must be filed within 30 days of its entry. Licensee's petition for review was filed 10 weeks after the merits order. The filing of a petition for reconsideration does not operate to extend the thirty-day appeal period. *Muehleisen v. State Civil Serv. Commn.*, 66 Pa.Cmwlth. 95, 443 A.2d 867 (1982), *aff'd*, 501 Pa. 335, 461 A.2d 615 (1983).

*Muehleisen* is instructive. In *Muehleisen*, the petitioner filed a petition for reconsideration one week after a commission denied his appeal. The petitioner, like Licensee here, also filed a petition for review with this Court more than 30 days after the commission issued its original decision. Subsequently, the commission denied the petition for reconsideration. This Court held that when a petition for review is filed more than thirty days beyond the date of the commission's decision, in violation of Pa. R.A.P. No. 1512(a), we may not review the merits of the initial adjudication and order, and our review is limited to the denial of the petition for reconsideration.

As in *Muehleisen*, the petition for review here was not filed within 30 days of the merits order. Therefore, we do not review the merits order. Our review is limited to PennDOT's denial of reconsideration.

The decision to grant or deny a request for reconsideration is a matter of administrative discretion and, as such, will only be reversed for an abuse of discretion. *Replogle v. State Civil Serv. Comm'n*, 657 A.2d 60 (Pa.Cmwlth.1995); *Muehleisen*.

Unfortunately, Licensees failure to provide any argument on PennDOTs neglect to conduct a hearing on reconsideration frustrates our review. We therefore deem that argument waived. *Wicker v. Civil Service Comm'n*, 74 Pa.Cmwlth. 548, 460 A.2d 407, 408 (1983) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof."). *See also Commonwealth v. Spontarelli*, 791 A.2d 1254 (Pa.Cmwlth.2002) (mere issue spotting, without analysis or legal citation to support an assertion, precludes our appellate review of a matter). It is not our role to become Licensee's counsel. *Spontarelli*.

Further, "[a]n application for rehearing or reconsideration may be filed by a party to a proceeding *within 15 days* ...." 1 Pa.Code § 35.241(a)(emphasis added). Licensee's petition for reconsideration was filed over four weeks after the order denying administrative relief. As this filing clearly violated the 15 day filing limit imposed by 1 Pa.Code § 35.241(a), PennDOT was without jurisdiction to consider Licensee's petition for reconsideration. *See Ayers v. Pennsylvania Bd. of Prob. & Parole*, 129 Pa.Cmwlth. 440, 565 A.2d 1257 (1989) (timeliness of petition for reconsideration is jurisdictional); *Ziev v. Dep't of Pub. Welfare*, 120 Pa.Cmwlth. 439, 548 A.2d 701 (1988). Accordingly, PennDOT lacked jurisdiction, and its refusal to conduct a hearing was not an abuse of discretion.

In summary, we do not address the merits order. Thus, we do not decide whether an administrative breakdown caused Licensee's one-day delay in answering, so as to support a "now for then" appeal. Rather, we hold neither error nor abuse of discretion occurred at the reconsideration

stage. Accordingly, PennDOT's order is affirmed.

### ORDER

AND NOW, this 1st day of April, 2004, the order of the Department of Transportation pertaining to reconsideration is AFFIRMED.