# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia L. Rizza,                 :
            Petitioner         :
                                  :
              v.                :    No. 193 C.D. 2015
                                  :    SUBMITTED:  October 2, 2015
Unemployment Compensation     :
Board of Review,                  :
            Respondent    :

BEFORE:     **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                **HONORABLE P. KEVIN BROBSON,** Judge
                **HONORABLE ROCHELLE S. FRIEDMAN,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                       **FILED: January 8, 2016**

Petitioner, Patricia L. Rizza, proceeding *pro se*, petitions for review of the decision of the Unemployment Compensation Board of Review denying her request for reconsideration of its December 10, 2014, order.  We affirm.

Petitioner filed for unemployment compensation benefits for the week ending June 8, 2013, reporting gross earnings of $184.  Her employer, Aramark Sports, LLC, reported that she earned $559.40.  On January 8, 2014, a representative for employer sent a letter to the Duquesne UC Service Center requesting an investigation into whether Employer was due a credit adjustment because Petitioner received benefits in week ending June 8, 2013, the same week in which she had earnings.  By letter dated June 28, 2014, the UC Center informed

Petitioner of Employer's claim and requested that she fill out and return an attached questionnaire by August 4, 2014.

The UC Center issued a notice of determination finding Petitioner ineligible for benefits under Sections 401, 401(c), 4(u) and 404(d) of the Unemployment Compensation Law (Law),[1] 43 P.S. §§ 801, 801(c), 753(u),[2] and 804(d),[3] for the compensable week ending June 8, 2013. The UC Center found that Petitioner's correct earnings were $559.40, rather than $184. It further found that Petitioner worked, but knowingly failed to report all earnings and that she earned more than the combination of her weekly benefit amount and partial benefit credit. The UC Center determined that because Petitioner's earnings for the week ending June 8 exceeded the combination of her weekly benefit rate and her partial benefit credit, she was not unemployed and, therefore, ineligible for benefits. Accordingly, it determined that a Section 804(a), 43 P.S. § 874(a),[4] fault over payment of $279 had been established because Petitioner had failed to report her correct earnings.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*. Section 401 of the Law provides, in part, that "compensation" shall be payable to an employee who is or becomes unemployed. Section 401(c) of the Law provides that compensation shall be payable if a claimant has been unemployed and has made a valid application for benefits and has made a claim for compensation in the proper manner and on the form prescribed by the department.

[2] Section 4(u) of the Law defines "unemployment" in part: "An individual shall be deemed unemployed with respect to any week of less than the individual's full-time work if remuneration paid or payable to claimant with respect to such week is less than claimant's weekly benefit rate plus claimant's partial benefit credit."

[3] Section 404(d) of the Law provides there is deductible from a claimant's weekly compensation the amount of earnings and potential earnings which exceed the claimant's partial benefit credit.

[4] Section 804(a) of the Law provides that any claimant who by reason of his or her own fault has received any compensation under the Law to which the claimant was not entitled, shall be liable to repay to the Unemployment Compensation Fund a sum equal to the amount received by that individual.

Petitioner appealed the notice of determination and notice of determination of overpayment of benefit. She asserted that because she only worked one day the week ending June 8, 2013, she reported the correct earnings. Petitioner attached a pay stub to her petition for appeal, showing that Employer's pay period began Thursday, May 30, 2013 and ended Wednesday, June 5, 2013.[5] Petitioner wrote on the pay stub that the gross wages of $559.40 "includes 6/1/2013 a day I worked the previous week." The referee scheduled a hearing for September 19, 2014. At 8:40 a.m. on September 19, Petitioner left a voice mail stating that "she was not coming to her hearing this morning." Certified Record (C.R.), Item 8. Neither Petitioner nor Employer attended the hearing. The transcript of testimony provides that the referee accepted into the record several exhibits and closed the record. C.R., Item 9.

The referee affirmed the notice of determination, concluding that Petitioner was ineligible for benefits under Sections 401, 401(c), 4(u), and 404(d) of the Law and that a non-fault overpayment of $279 existed under Section 804(b) of the Law, 43 P.S. § 874(b).[6] The referee found that Petitioner's weekly benefit amount was $360 and her partial benefit credit was $108. Finding of Fact (FOF) No. 1. The referee also found that Petitioner reported earnings of $184 and that her correct earnings were $559.40. FOF Nos. 2 and 3. The referee further found that

_____

[5] Evidently, Employer's pay week does not start on a Sunday but, rather, can start on any day of the week. For purposes of the Law a claim week starts on Sunday and ends on Saturday. Section 4(z) of the Law, 43 P.S. § 753(z); 34 Pa. Code § 61.1.

[6] Section 804(b) of the Law provides that any person who other than by reason of the claimant's fault has received any compensation under the Law to which the claimant is not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to that claimant with respect to such benefit year or the three-year period immediately following such benefit year.

Petitioner earned more than the combination of her weekly benefit amount and partial benefit credit and that she had received $279 in benefits. FOF Nos. 4 and 5. The referee determined that there was no competent evidence of record which would support a finding for Petitioner.

Petitioner appealed the referee's decision to the Board, asserting that she only worked one day the week ending June 8, 2013 and that her original report was correct. On December 10, 2014, the Board, adopting and incorporating the referee's findings and conclusions, affirmed the referee's decision. On December 19, 2014, Petitioner filed a request for reconsideration. Petitioner stated that she did not attend the hearing due to illness and that she would like the Board to review the documents she had submitted. C.R., Item 13. On January 9, 2015, the Board denied Petitioner's request for reconsideration. This appeal followed.

Petitioner filed her petition for review on January 14, 2015, more than 30 days after the filing of the Board's decision. By order dated March 26, 2015, this Court determined that it could not review the Board's December 10, 2014 order, but could treat the petition for review as a timely appeal of the January 9, 2015 order denying reconsideration. The Court's order stated the issue on appeal is limited to whether the Board abused its discretion by denying reconsideration of the December 10, 2014 order.[7]

In her petition for review, Petitioner asserts that she objects to the finding that her correct earnings were $559.40 and that she received $279 in benefits to which she was not entitled. Petitioner argues that the pay period of

---

[7] Our review of an administrative agency's order denying reconsideration is limited to determining whether the agency abused its discretion. *Fleeher v. Dep't of Transp., Bureau of Driver Licensing*, 850 A.2d 34, 36 (Pa. Cmwlth. 2004).

May 30, 2013 through June 6, 2013 encompassed two separate claim weeks, that she worked one day in each claim week, and that she reported the correct amount of earnings for each claim week. Petitioner attached to the petition for review her time sheets showing each day she worked and the amount of her earnings on each day. By order dated August 5, 2015, this Court granted Employer's application for relief in the form of a motion to strike petitioner's extra-record evidence. This order struck from the record the time sheets attached to the petition for review.

The Board's regulations[8] provide that reconsideration will be granted "only for good cause in the interest of justice without prejudice to any party." 34 Pa. Code §101.111(b). Good cause exists where the party requesting reconsideration has presented new evidence unavailable at the time of the hearing or there are changed circumstances or where the Board failed to consider relevant law. *Laster v. Unemployment Comp. Bd. of Review*, 80 A.3d 831, 834 (Pa. Cmwlth. 2013).

Having reviewed the certified record, we conclude that the Board did not abuse its discretion in denying reconsideration. Petitioner's request for reconsideration did not include any new evidence and there is no evidence of record showing that any additional evidence she may have presented was not available prior to the hearing. She requested that the Board review the documents she had already submitted. While the pay stub shows that Petitioner's pay period encompassed two separate claim weeks, the pay stub does not break down the

---

[8] Pursuant to 34 Pa. Code § 101.111 any aggrieved party may request that the Board reconsider its decision in order to do the following:
> (1) Offer additional evidence at another hearing.
> (2) Submit written or oral argument.
> (3) Request the Board to reconsider the previously established record of evidence.

5

earnings by day and the Board would have been unable to verify Petitioner's assertion that she worked one day in each claim week.

Additionally, in the request for reconsideration, Petitioner stated that she was unable to attend the hearing due to illness. The certified record reflects that the request for reconsideration is the first time Petitioner stated that she was unable to attend the hearing because she was ill. The report of telephone call on hearings dated September 9, 2014 simply states that Petitioner said she was not coming to the hearing. C.R., Item 8. Again, we find no evidence of record to show that Petitioner was ill or that she requested a continuance. Petitioner has failed to demonstrate good cause existed for the Board to grant reconsideration.

Accordingly, we affirm.

 

**BONNIE BRIGANCE LEADBETTER,**
Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Patricia L. Rizza,  :
                 Petitioner  :
                                          :
               v.  :      No. 193 C.D. 2015
                                          :
Unemployment Compensation  :
Board of Review,  :
                 Respondent  :

# **O R D E R**

AND NOW, this 8th day of January, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

                                  _____
                                  **BONNIE BRIGANCE LEADBETTER,**
                                  Judge