IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ian Neyman,                      :
          Petitioner    :
                            :
                            :
         v.                  :   No. 1118 C.D. 2021
                            :   Submitted: September 23, 2022
Department of Human Services,    :
          Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                      FILED: March 17, 2023

       Ian Neyman (Petitioner) has petitioned *pro se* for this Court's review of an order issued by the Secretary of Human Services, of the Department of Human Services (the Department), which denied Petitioner's application for reconsideration of an underlying adjudication. We affirm.

## I. BACKGROUND[1]

       Petitioner is a member of Health Plan Partners (HPP), a managed care organization (MCO) contracted to provide medical services to Pennsylvania Medical Assistance Program recipients through the HealthChoices Program administered by the Department. On November 23, 2020, Petitioner's dental provider submitted a dental claim form and requested a benefit limit exception (BLE) for nerve treatment, post, and crown, *i.e.*, a root canal. HPP denied Petitioner's request for a BLE. HPP reasoned that Petitioner's documentation did not show that he had a serious health

---

[1] Except as stated otherwise, we derive this background from the adjudication issued by the administrative law judge (ALJ). ALJ's Adjudication, 3/17/21.

condition; that his health would be at risk if the service was not approved; or that the service was medically necessary. Petitioner timely filed a grievance review but was denied relief.

Thereafter, Petitioner requested a fair hearing[2] before an ALJ. At the hearing, the Department presented the testimony of Chava Kintisch, a compliance specialist; Dr. William Celko, a dental consultant; and Dr. Sanjay Dabral, the medical director for HPP. Notes of Testimony (N.T.) Hr'g, 3/2/21, at 9, 11-26. Petitioner testified on his own behalf and did not present witnesses. *Id.* at 30.

On March 17, 2021, the ALJ denied relief. Although the ALJ found that Petitioner credibly testified that he had undergone the root canal procedure because he was in pain, the ALJ credited expert testimony that Petitioner's BLE request was neither medically necessary[3] nor cost effective. On that same date, the Chief ALJ affirmed the adjudication. *See* Final Admin. Action Order, 3/17/21 (Final Order).

---

[2] Recipients of medical assistance have the right to appeals and fair hearings. *See* 55 Pa. Code § 275.1(a). The objectives of fair hearings are to "afford [recipients] an opportunity for an impartial, objective review of decisions, actions and delays, or in actions made by County Assistance Offices and the Department"; "settle the issue or issues raised by the client in requesting a hearing and to produce a clear and definitive decision setting forth the findings of the Department"; "contribute to uniformity in the application of Departmental regulations"; and "[t]o reveal aspects of Departmental regulations that are deficient, inequitable, or constitute a misconstruction of law." *See* 55 Pa. Code § 275.1(b).

[3] In this context, *medically necessary* is defined as "[a] service, item, procedure or level of care" that is "[c]ompensable under the [medical assistance] program," "[n]ecessary to the proper treatment or management of an illness, injury or disability[,]" and "[p]rescribed, provided, or ordered by an appropriate licensed practitioner in accordance with accepted standards of practice." *See* 55 Pa. Code § 1101.21.

On March 22, 2021, Petitioner timely filed an application for reconsideration by the Department.[4]  On April 21, 2021, the application was considered denied by operation of law.[5]  On June 8, 2021, the Department issued an order notifying Petitioner of the denial.  *See* Order Den. Recons., 6/8/21 (Reconsideration Order).[6]

On June 22, 2021, Petitioner *pro se* filed correspondence that the Court treated as an attempt to petition for review.  *See* Correspondence, 6/22/21, at 1-3.  Petitioner attached copies of both the Final Order and the Reconsideration Order.  *See id.*  Thereafter, Petitioner filed a petition for review, which this Court docketed at No. 798 C.D. 2021.

Upon review, the Court determined that Petitioner's merits appeal "may be untimely" and directed the parties to address the issue.  Cmwlth. Ct. Order, Docket No. 798 C.D. 2021, 8/26/21, at 1.  The Court further ordered that: (1) June 22, 2021, was the effective date of the filing of the appeal at Docket No. 798 C.D. 2021; (2) the appeal docketed at No. 798 C.D. 2021 was deemed to be from the Final Order; (3) if Petitioner wished to appeal the Reconsideration Order, he must file a *separate* petition for review within 30 days; and (4) June 22, 2021, was preserved as the appeal date of the Reconsideration Order.  *See id.* at 1-2.  As directed by the Court, Petitioner timely filed the instant petition, challenging the Reconsideration

---

[4] The application for reconsideration was post-marked March 22, 2021, and received on March 25, 2021.  It appears that the Department erroneously noted March 25, 2021, as the receipt date in the certified record, but the correct receipt date of March 22, 2021, while calculating the time for denial by operation of law.  *See*, *e.g.*, 55 Pa. Code § 275.61(a)(1).

[5] *See* 1 Pa. Code § 35.241(d).

[6] The Reconsideration Order stated: (1) the application was deemed denied by operation of law on April 21, 2021; and (2) Petitioner could appeal to this Court within thirty days *from the date of the order*, *i.e.*, June 8, 2021.  *See* Recons. Order, 6/8/21.

3

Order. Upon receipt, the prothonotary of this Court created a separate action at Docket No. 1118 C.D. 2021.

On March 22, 2022, the Department filed an application to dismiss for lack of jurisdiction Petitioner's appeal from the Final Order. *See* Appl. to Dismiss, Cmwlth. Ct. Nos. 798, 1198 C.D. 2021, 3/22/22, at 1-3. On May 3, 2022, this Court granted the Department's application and dismissed Petitioner's appeal from the Final Order as untimely. Mem & Order, Cmwlth. Ct. Nos. 798, 1118 C.D. 2021, 5/3/22.[7] However, our decision therein did not impact the matter presently before the Court.[8]

## II. ISSUES

Petitioner asks why the Department denied his request that HPP provide coverage for his root canal treatment. Pet'r's Br. at 6. In response, the Department contends that the Reconsideration Order, informing Petitioner of the denial of

---

[7] Petitioner sought to appeal the Final Order 97 days after it issued. Appellate review of a quasi-judicial order shall be filed with the appellate court within 30 days after the date of the entry of the order. *See* Pa. R.A.P. 1512(a)(1). An application to reconsider does not extend this period. *Fleeher v. Dep't of Transp., Bureau of Driver Licensing*, 850 A.2d 34, 36 (Pa. Cmwlth. 2004); 1 Pa. Code § 35.241(e), (f). Thus, it was untimely.

[8] This matter has been complicated by procedural irregularities that may have contributed to confusion of the parties, particularly Petitioner, who has navigated the rather Byzantine system administering his healthcare and ultimately requesting relief from this Court without the benefit of counsel. Because of the way Petitioner filed documents in this Court, it was assigned two separate docket numbers and, thus, proceeded in disjointed fashion.

At Docket No. 798 C.D. 2021, this Court considered Petitioner's substantive appeal from the Final Order issued by the Department. The Final Order denied Petitioner's request that HPP provide coverage for his root canal treatment. Because Petitioner did not request appellate relief from this Court in timely fashion, we were constrained to dismiss his appeal because we lacked jurisdiction to consider the merits. In other words, we lacked authority to consider Petitioner's appeal.

At Docket No. 1118 C.D. 2021, the matter presently before this Court, we consider Petitioner's further appeal from the Reconsideration Order. As we will discuss in some further detail below, our review of the Reconsideration Order is far more limited than a review of the substantive merits of the Department's decision to deny Petitioner's request for coverage.

4

reconsideration by operation of law, is not subject to judicial review because it issued beyond the 30-day period for appeals. *See* Resp't's Br. at 9. Absent this alleged procedural flaw, the Department asserts in the alternative that Petitioner has not asserted either bad faith or an abuse of the Department's discretion in denying reconsideration of the Final Order. *See id.* at 11-13. Thus, according to the Department, no relief is due. *See id.* at 14.

## III. DISCUSSION

### A. Petitioner's Appeal may Proceed

Initially, we must determine whether we have jurisdiction to review Petitioner's appeal from the Reconsideration Order. Following a hearing decision, either party may request reconsideration provided that such request is postmarked within 15 days of the decision. 55 Pa. Code § 275.61; *see also* 1 Pa. Code § 35.241 (relating to application for rehearing or reconsideration). If such request is denied, the party may appeal the denial of reconsideration within 30 days. 42 Pa. C.S. § 5105(a)(2); Pa. R.A.P. 1512(a)(1).

Generally, if a timely application for reconsideration is filed, an agency has 30 days from the date of the filing to act on the request. 1 Pa. Code § 35.241(d). If the agency does not act on the application, it shall be deemed denied. *See id.* Further, where the agency does not act on such a request within the prescribed period, it loses jurisdiction over the request, "and any action taken beyond the [prescribed] period [is] null and void." *See Ciavarra v. Com.*, 970 A.2d 500, 503 (Pa. Cmwlth. 2009); *see also Colonial Manor Pers. Care Boarding Home v. Dep't of Pub. Welfare*, 551 A.2d 347, 350 (Pa. Cmwlth. 1988) (stating that an administrative order issued after a deemed denial of reconsideration is "a nullity . . . [with] nothing to appeal").

Here, the Department did not act on Petitioner's application for reconsideration within the prescribed period. Per the rules set forth above, the application was deemed denied by operation of law on April 21, 2021. Therefore, Petitioner had until May 21, 2021, to appeal the deemed denial of reconsideration. 42 Pa. C.S. § 5105(a)(2); Pa. R.A.P. 1512(a)(1). He failed to do so.

Thereafter, on June 8, 2021, the Department issued the Reconsideration Order. However, because the Reconsideration Order issued *after* the Department lost jurisdiction to entertain Petitioner's application, the Reconsideration Order constitutes a legal nullity. *See Ciavarra*, 970 A.2d at 500; *Colonial Manor Pers. Care Boarding Home*, 551 A.2d at 350. It would appear that the Department is correct that its denial of reconsideration is not subject to judicial review by this Court. *See Colonial Manor Pers. Care Boarding Home*, 551 A.2d at 350.

However, that does not end our inquiry. In limited circumstances, this Court may consider appeals *nunc pro tunc* from the decisions of administrative bodies. *See Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021). "An appeal *nunc pro tunc* is only warranted . . . in extraordinary circumstances involving fraud or some breakdown in the court's operation, or where the delay is caused by non-negligent circumstances either by the claimant or a third party." *See id.* (internal citations and quotations omitted). An administrative breakdown occurs when "an administrative body acts negligently, improperly or in a misleading way." *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev.*, 746 A.2d 581, 584 (Pa. 2000).

As noted above, the Department's Reconsideration Order incorrectly informed Petitioner that he could appeal to this Court "within thirty (30) days from the date of this [Reconsideration] Order." Recons. Order. This misinformation

6

constitutes an administrative breakdown. *See Union Elec. Corp.*, 746 A.2d at 584. Without the benefit of counsel, Petitioner took the Department at its word and promptly filed his petition for review from the Reconsideration Order on June 22, 2021. Accordingly, we consider Petitioner's appeal. *Harris*, 247 A.3d at 1229.

### B. Petitioner is Due No Relief

Petitioner asserts that the Department erred in denying him coverage for the root canal. *See* Pet'r's Br. at 8-10. He maintains that he "desperately needed the [root canal] procedure and did not want [his] tooth extracted." *Id.* at 10. In summarizing his argument, Petitioner proposes an analogy: "if my finger were infected would [HPP] argue in favor of having that finger amputated?" *Id.* at 8.[9] Petitioner's assertion of error goes to the merits of the Department's underlying adjudication. *See* Final Order at 6-7 (concluding that HPP was correct in denying Petitioner's request for coverage).

It is well settled that we may not review the merits of an adjudication when a petition for review has been filed more than 30 days after the date of the adjudication. *Fleeher*, 850 A.2d at 36; *Muehleisen v. State Civ. Serv. Comm'n*, 443 A.2d 867 (Pa. Cmwlth. 1982), *aff'd*, 461 A.2d 615 (Pa. 1983). Rather, our review is limited to the Department's denial of reconsideration. *Fleeher*, 850 A.2d at 36. "The decision to grant or deny a request for reconsideration is a matter of

---

[9] Petitioner's brief is inadequate. He cites no case law and does not develop a legal argument. Accordingly, he risks waiver. *See* Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (holding that failure to develop issue in appellate brief results in waiver); *Browne v. Dep't of Transp.*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver."). Nevertheless, because we are generally inclined to construe *pro se* filings liberally, we decline to find waiver in this case. *See, e.g.*, *Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 425-29 (Pa. Cmwlth. 2012).

administrative discretion and, as such, will only be reversed for an abuse of discretion." *Id.* An abuse of discretion is more than an error of judgment. The decision must be manifestly unreasonable, constitute an error or misapplication of law, or result from partiality, prejudice, bias, or ill will. *Payne v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 928 A.2d 377, 380 (Pa. Cmwlth. 2007).

Petitioner's passionate assertion of error, without more, does not establish an abuse of discretion. *See id.* Petitioner does not assert an error or misapplication of the law; he does not accuse the Department of partiality, prejudice, bias, or ill will; nor does Petitioner articulate any legal basis for this Court to conclude that the Department's denial of reconsideration was manifestly unreasonable. *See generally* Pet'r's Br.

Similarly, our review of Petitioner's application for reconsideration reveals no grounds for further action by the Department. In response to instructions from the Department to identify a *policy*, *regulation*, or *law* misapplied during his administrative appeal, Petitioner recounted *factual* reasons for his belief that a root canal procedure was appropriate. *See* Appl. for Recons., 3/5/21, at 1-2 (unpaginated).

## IV. CONCLUSION

For these reasons, Petitioner has failed to establish an abuse of the Department's discretion and is due no relief. *Payne*, 928 A.2d at 381; *Fleeher*, 850

8

A.2d at 36. We therefore affirm the denial of Petitioner's application for reconsideration.[10]

---

LORI A. DUMAS, Judge

---

[10] As we have stated repeatedly, the merits of the Department's underlying adjudication are not properly before this Court. Nevertheless, we briefly note the following. Petitioner's dental provider requested a benefit limit exception (BLE) for the root canal procedure because it was "a cost-effective alternative." Ex. C-5 ("BLE Request Form," 11/12/20). The provider did not indicate that Petitioner suffered from a "serious chronic illness or other serious health condition" such that denial of the BLE would jeopardize his life or result in the serious deterioration of his health. *Id.* At Petitioner's hearing, Dr. William Celko testified as a dental consultant on behalf of HPP. Dr. Celko noted the absence of evidence suggesting that Petitioner had a serious health condition or that the root canal procedure was medically necessary. *See* N.T. Hr'g at 22-23. Further, Dr. Celko testified specifically that a "root canal . . . is certainly not a cost-effective advantage treatment alternative in lieu or instead of an extraction process." *Id.* at 23. Dr. Sanjay Dabral, a medical director with HPP, similarly testified that the procedure was not medically necessary. *Id.* at 27. In response, Petitioner testified that he was in "excruciating pain" and was worried that an "infection would spread throughout [his] body." *Id.* at 30. Thus, in Petitioner's view, he "had absolutely no recourse other than to get that emergency root canal." *Id.* However, Petitioner provided no medical evidence to support his testimony. Specifically absent from Petitioner's testimony or from other evidence introduced was any explanation or justification for the provider's assertion that the root canal procedure was a cost-effective alternative to extraction. Thus, even if we were to review the merits of the underlying adjudication, we would discern neither error nor abuse of discretion in the ALJ's conclusion that Petitioner's request for a BLE was properly denied.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ian Neyman, : 
                        Petitioner : 
                                          : 
            v. : No. 1118 C.D. 2021
                                          : 
Department of Human Services, : 
                        Respondent : 

# **O R D E R**

AND NOW, this 17th day of March, 2023, the Department of Human Services' denial of Petitioner's application for reconsideration, entered by operation of law on April 21, 2021, is AFFIRMED.

LORI A. DUMAS, Judge