**Eugene F. CIAVARRA, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 17, 2009.

Decided Feb. 17, 2009.

Ordered Published April 20, 2009.

---

James N. Perich, Pittsburgh, for petitioner.

Jo Ann P. Collins, Harrisburg, for respondent.

OPINION BY Senior Judge
FRIEDMAN.

The Commonwealth of Pennsylvania (Commonwealth) has filed a "Motion to Quash" (Motion) the "Petition for Review" (Petition) filed by Eugene F. Ciavarra (Ciavarra). We quash the Petition to the extent Ciavarra seeks review of the Board of Finance and Revenue's (Board) February 29, 2008, order on the merits. We dismiss the Petition to the extent Ciavarra seeks review of the Board's August 7, 2008, denial of reconsideration.

The Department of Revenue assessed Ciavarra for unpaid realty transfer taxes in connection with a quitclaim deed showing that Ciavarra conveyed property to Palena Capital, L.L.C., an entity in which Ciavarra is the principal, for $10.00. Ciavarra paid the taxes and filed an appeal with the Board, arguing as follows:

1. Conveyance was for familial estate planning purposes.

2. Claimant is the sole member of the grantee LLC.

3. The subject Deed is a Quit–Claim Deed, not conveying complete title.

4. Claimant erroneously interpreted the provisions of the Act providing for exemptions.

5. Agents of the Commonwealth accepted the Deed for recording as ex-

empt, thus making the same interpretational error as Petitioner.

6. Based on Number 5, the principles of estoppel apply as to the Commonwealth.

(Motion, ex. C.) In his request for relief, Ciavarra sought a refund of the taxes, nullification of the conveyance and/or a tax-exempt corrective deed. *Id.*

On February 29, 2008, the Board mailed its determination to Ciavarra, denying him the requested relief. By letter dated March 26, 2008, Ciavarra requested reconsideration, pointing out that the Board did not address whether Ciavarra could avoid the realty transfer tax by agreeing to allow the Board to nullify the deed. By letter dated August 7, 2008, the Board denied Ciavarra's request for reconsideration and stated that the February 29, 2008, order was final.

On September 8, 2008, Ciavarra filed his Petition with this court, seeking review of the Board's August 7, 2008, denial of reconsideration. Ciavarra sets forth the same issues presented in his appeal to the Board, adding that "[t]he Board failed to address the requested nullification of the transaction in its decision." (Petition at 1.) Ciavarra again requests relief in the form of a refund of the taxes, nullification of the conveyance and/or a tax-exempt corrective deed. (Petition at 2.)

■ In its Motion, the Commonwealth argues that this court should quash the Petition as untimely because Ciavarra did not file his Petition within thirty days of the Board's February 29, 2008, order, as required by Pa. R.A.P. 1571(b).

The Commonwealth's argument assumes that Ciavarra is appealing from the Board's February 29, 2008, order,[1] even though Ciavarra expressly states in his Petition that he is appealing from the Board's August 7, 2008, denial of reconsideration.[2] However, during oral argument on the Motion, Ciavarra maintained that he timely appealed the February 29, 2008, order as well as the August 7, 2008, order because the Board's appeal process did not end until the Board issued its August 7, 2008, order stating that the February 29, 2008, was final.[3] We disagree with Ciavarra.

Pa. R.A.P. 1571(b) requires that a petition for review of a determination of the Board shall be filed within thirty days of the entry of a Board order that does not expressly state that it is interlocutory in nature. Here, the Board's February 29, 2008, order did not expressly state that it was interlocutory in nature; thus, Ciavar-

1. The Commonwealth points out that Ciavarra sets forth identical arguments in his Petition and in his appeal to the Board. However, in the former, Ciavarra had added the argument he made in his request for reconsideration, i.e., that the Board failed to address Ciavarra's request for nullification of the transaction.

2. This court has held that the denial of a reconsideration request is appealable under section 5105(a)(2) of the Judicial Code, 42 Pa.C.S. § 5105(a)(2). *Muehleisen v. State Civil Service Commission*, 66 Pa.Cmwlth. 95, 443 A.2d 867 (1982), *aff'd*, 501 Pa. 335, 461 A.2d 615 (1983). If Ciavarra were appealing only the denial of reconsideration, Ciavarra would not be entitled to a review of the Board's

decision on the merits. *Southwest Pennsylvania Natural Resources, Inc. v. Department of Environmental Resources*, 77 Pa.Cmwlth. 114, 465 A.2d 108 (1983).

3. Ciavarra also argued that the Commonwealth was estopped from filing its Motion because, in the Commonwealth's November 25, 2008, letter to Ciavarra, the Commonwealth gave him instructions for possible settlement discussions. However, such a letter did not alter the rules of appellate procedure. Moreover, the November letter could not have influenced Ciavarra's failure to file a petition for review in March 2008, within the thirty-day appeal period.

ra had thirty days from February 29, 2008, to file a petition for review of that order. Because Ciavarra failed to meet that deadline, Ciavarra is not entitled to review of the Board's February 29, 2008, decision on the merits.[4]

■ Moreover, Ciavarra is not entitled to a review of the Board's denial of reconsideration because the Board lacked jurisdiction to issue its August 7, 2008, decision.

■ In *Fleeher v. Department of Transportation, Bureau of Driver Licensing,* 850 A.2d 34 (Pa.Cmwlth.2004), this court stated that the timeliness of a request for reconsideration is jurisdictional. The General Rules of Administrative Practice and Procedure (GRAPP) require that an application for reconsideration be filed "within 15 days, or another period as may be expressly provided by statute applicable to the proceeding, after the issuance of an adjudication or other final order by the agency."[5] 1 Pa.Code § 35.241(a). This court has held that the fifteen-day period is mandatory and that the failure to request reconsideration within that period deprives an agency of jurisdiction to con-

sider the request. *Fleeher.* Here, the Board entered its order on February 29, 2008, but Ciavarra did not write his letter requesting reconsideration until March 26, 2008, more than fifteen days later. Because Ciavarra's request for reconsideration was untimely, the Board did not have jurisdiction to consider it.

■ Moreover, if an agency does not act on a request for reconsideration within thirty days after the request is filed, the request shall be deemed to have been denied. 1 Pa.Code § 35.241(d). This is because an agency that does not act on a request for reconsideration within the period for taking an appeal loses jurisdiction over the request, and any action taken beyond the appeal period would be null and void. *City of Philadelphia Police Department v. Civil Service Commission,* 702 A.2d 878 (Pa.Cmwlth.1997); *Sewickley Valley Hospital v. Department of Public Welfare,* 121 Pa.Cmwlth. 337, 550 A.2d 1351 (1988), *appeal denied,* 524 Pa. 614, 569 A.2d 1372 (1989); and *Monsour Medical Center v. Department of Public Welfare,* 111 Pa.Cmwlth. 359, 533 A.2d 1114 (1987). Here, the thirty-day period for

4. The *Note* to Pa. R.A.P. 1701(b)(3) advises:

Subdivision (b)(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. The rule (1) permits the . . . government unit to grant reconsideration if action is taken during the applicable appeal period . . . and (2) eliminates the possibility that the power to grant reconsideration could be foreclosed by the taking of a "snap" appeal. The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a [petition for review]. If the application lacks merit the . . . government unit may deny the application by the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal peri-

od. If the . . . government unit fails to enter an order "expressly granting reconsideration" . . . within the time prescribed by these rules for seeking review . . . the power of the . . . government unit to act on the application for reconsideration is lost. Pa. R.A.P. 1701, *Note.*

5. The GRAPP governs practice and procedure before agencies of the Commonwealth, except where a statute or regulation sets forth inconsistent rules on the same subject. 1 Pa.Code § 31.1. If an agency intends that its own regulation supersede the GRAPP, the superseded provision must be expressly cited, along with a statement that the cited provision is not applicable to proceedings before the agency. 1 Pa.Code § 13.38. There is no other statute or regulation governing a request for reconsideration before the Board; thus, we conclude that the GRAPP governs such requests.

taking an appeal from the Board's February 29, 2008, order to this court under Pa. R.A.P. 1571(b)(1) expired on March 31, 2008. By the time the Board acted on Ciavarra's reconsideration request on August 7, 2008, the Board lacked jurisdiction to consider it. This means that the Board's denial of reconsideration on August 7, 2008, is void *ab initio* and that this court has nothing to review. *City of Philadelphia.*

Accordingly, we quash the Petition to the extent it seeks review of the Board's February 29, 2008, order on the merits. We dismiss the Petition to the extent it seeks review of the Board's August 7, 2008, denial of reconsideration.

## *O R D E R*

AND NOW, this 17th day of February, 2009, the petition for review (Petition) filed by Eugene F. Ciavarra is quashed to the extent it seeks review of the February 29, 2008, order of the Board of Finance and Revenue (Board). The Petition is dismissed to the extent it seeks review of the Board's August 7, 2008, order denying reconsideration.