# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marchesa Carter, :
            Petitioner :
         :
        v. : No. 2205 C.D. 2014
         : Submitted: August 14, 2015
Department of Public Welfare, :
            Respondent :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED:  September 11, 2015**


      Petitioner Marchesa Carter (Carter) petitions for review of an order of the Secretary (Secretary) of the Department of Public Welfare (DPW).[1] The Secretary denied Carter's motion for reconsideration of the August 25, 2014 order of DPW's Bureau of Hearings and Appeals (BHA). The BHA's order adopted the recommendation of Administrative Law Judge (ALJ) F. Joseph Brady to dismiss Carter's administrative appeal of a March 21, 2013 letter-decision by the Philadelphia Department of Human Services (DHS), which denied a "provider code" to Carter and indicated that Carter would not be able to operate as a foster family resource home. We affirm the Secretary's order.

---

[1] The General Assembly recently redesignated the Department of Public Welfare as the Department of Human Services. Section 103 of the Act of June 13, 1967, P.L. 31, added by the Act of September 24, 2014, P.L. 2458.

ALJ Brady, in his findings of fact, summarized the background of this matter as follows. Carter had filed an application to operate as a foster family resource home, which DHS denied on February 13, 2009. Carter appealed that decision. On July 21, 2013, more than eighteen months after a hearing on the appeal, a different ALJ (ALJ Hayburn) issued an adjudication affirming the denial. Carter requested reconsideration of that decision, and on August 9, 2013, the Secretary issued a decision denying reconsideration. Carter did not appeal the denial of the application or the denial of reconsideration. Throughout this time period, Carter apparently continued to submit additional applications to operate as a foster family resource home. On March 21, 2013, DHS, in apparent response to one such application, sent a letter to Carter indicating that, based upon her previous DHS "involvement," DHS would not issue a *provider code*, and Carter was not eligible to operate a foster family resource home. The "involvement" to which the letter referred related to "substantiated findings" DHS had made in 1993 in two separate General Protective Service (GPS) reports.[2]

On October 10, 2013, Carter filed an appeal of the March 21, 2013 letter-decision. According to ALJ Brady, "[a] Rule was issued on January 6, 2014, directing [Carter] to show cause why the appeal should not be dismissed for lack of jurisdiction." (Finding of Fact (FF) no. 13.) On May 1, 2014, ALJ Brady conducted a pre-hearing conference. Based upon information ALJ Brady received

---

[2] These GPS reports are not part of the certified record. A letter from the Philadelphia Law Department indicates that Carter requested an opportunity to review records in DHS's possession that might relate to her. The Deputy City Solicitor who responded to that request indicated that "any records that may have existed were destroyed some time ago. No records are maintained beyond the period of time that the law permits and as such, all of the records regarding your request are destroyed." (Reproduced Record (R.R.) at 12A.)

during that conference, he determined that, in addition to challenging DHS's March 21, 2013 denial, Carter was also seeking to expunge the substantiated findings DHS made in the 1993 GPS reports. ALJ Brady found that Carter responded to the rule to show cause by "stating that she 'is appealing the decision to become a foster parent.'" (FF no. 14.)

In his recommendation, ALJ Brady noted that 23 Pa. C.S. § 6376 governs challenges to GPS reports and requires persons who want to expunge such reports to file an appeal within forty-five days of the date of notice of a report. (R.R. at 21A.) ALJ Brady noted that Carter's challenge to the substantiated findings contained in two 1993 GPS reports were untimely and that she failed to offer a substantive reason why he should ignore the untimeliness of the request for expungement. Thus, ALJ Brady reasoned that he lacked jurisdiction over the expungement request. With regard to Carter's challenge to the denial of her request to operate as a foster family resource home, ALJ Brady concluded that the earlier adjudication by ALJ Hayburn, dated June 21, 2013, had *res judicata* effect with regard to Carter's renewed application.

In its August 25, 2014 order adopting ALJ Brady's recommendation, the BHA also advised Carter that if she wanted to obtain reconsideration of the order she must submit the application within such time as to ensure that BHA received the application within fifteen days of the August 25, 2014 order.[3] (*Id*.) On September 15, 2014, Carter submitted a request for reconsideration, which BHA received on September 23, 2014. Thus, the receipt by BHA of the

---

[3] The decision also advised Carter of her right to and the period in which to appeal the decision to this Court, but Carter never filed an appeal of that order.

reconsideration request was more than fifteen days from the date of the August 25, 2014 order. The Secretary denied the reconsideration petition on October 6, 2014. Carter then petitioned this Court for review.

In her petition for review, Carter appears to attack the Secretary's reconsideration order based upon her assertion that she never received a letter advising her of the right to appeal the GPS reports that were issued in 1993. In her brief, Carter challenges the Secretary's denial of her request for reconsideration, similarly claiming that she did not receive a notice advising her of her appeal rights. Carter asserts that she has been a provider of foster care to children since 2000, and that she was unaware of any impediment to her continued right to operate as a foster family resource home and that her "clearance always came back clean." (Carter's Brief at 6.) In short, Carter objects to the reliance by DHS on the 1993 GPS reports, copies of which DHS could not provide to her, that previously did not prevent her from operating a foster home.

DPW argues that the Secretary correctly denied Carter's reconsideration request because: (1) the request was untimely; and (2) our review of the Secretary's order is limited to considering whether the Secretary abused her discretion and Carter has not argued that the Secretary abused her discretion in denying reconsideration.

As noted above, Carter did not file her reconsideration request within the fifteen-day period within which a party must seek reconsideration. In *Ciavarra v. Commonwealth*, 970 A.2d 500 (Pa. Cmwlth. 2009), this Court, citing *Fleeher v. Department of Transportation, Bureau of Driver Licensing*, 850 A.2d 34 (Pa. Cmwlth. 2004), held that "the timeliness of a request for reconsideration is jurisdictional" and that the failure to file a timely request for reconsideration

4

under 1 Pa. Code § 35.241 within the fifteen-day time period "deprives an agency of jurisdiction to consider the request." *Ciavarra*, 970 A.2d at 503. Thus, Carter's request for reconsideration was untimely, and the Secretary lacked jurisdiction to consider the request.

Even if the Secretary had jurisdiction to consider the reconsideration request, our review of a grant or denial of reconsideration is limited. We may reverse such a decision only if the Secretary abused her discretion in denying reconsideration. *Fleeher*, 850 A.2d at 36. Carter has not argued that the Secretary's order constitutes an abuse of discretion.

Accordingly, we will affirm the Secretary's order denying Carter's request for reconsideration.

P. KEVIN BROBSON, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marchesa Carter, : 
        Petitioner : 
         : 
        v. :    No. 2205 C.D. 2014
         : 
Department of Public Welfare, : 
        Respondent : 

## **O R D E R**

AND NOW, this 11th day of September, 2015, the order of the Secretary of the Department of Public Welfare is AFFIRMED.

 

_____

P. KEVIN BROBSON, Judge