IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernard W. Alonge,    :
    Petitioner  :
        :
  v.       : No. 1218 C.D. 2020
        : SUBMITTED: August 27, 2021
Unemployment Compensation :
Board of Review,    :
    Respondent :

BEFORE: HONORABLE P. KEVIN BROBSON, President Judge
    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER       FILED: December 22, 2021

Bernard W. Alonge (Claimant) petitions for review, *pro se*, of the Unemployment Compensation Board of Review's (Board) October 29, 2020 reply to his Request for Reconsideration (Reconsideration Request) of the Board's August 31, 2020 Order.[1] In its August 31, 2020 Order, the Board affirmed the decision of a Referee dismissing Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[2] For the reasons that follow, we quash Claimant's Petition for Review.

---

[1] On October 29, 2020, the Board issued a letter to Claimant informing him that his Reconsideration Request was deemed denied by operation of law because the Board failed to act on it within the permissible time period. Certified Record (C.R.) at 122. As explained in more detail *infra*, the Board's deemed denial occurred not on October 29, 2020, through the issuance of the letter, but by operation of law on October 8, 2020, 30 days after Claimant filed his September 8, 2020 Reconsideration Request. *See* 1 Pa. Code § 35.241(d).

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law provides in relevant part:

## Background

On January 12, 2020, Claimant filed a claim for unemployment compensation (UC) benefits. C.R. at 3. Based on information provided by Claimant's former employer, Brooks Distributing Group Inc. (Employer), the local UC Service Center mailed a Notice of Determination to Claimant on February 27, 2020, finding that Claimant voluntarily quit his employment for unknown reasons. *Id.* at 10. Therefore, the Service Center determined that Claimant was ineligible for UC benefits under Section 402(b) of the Law, 43 P.S. § 802(b).[3] *Id.* The Notice also informed Claimant that March 13, 2020, was the final day to file a timely appeal. *Id.* at 10-11.

On February 28, 2020, the Service Center mailed a Notice of Overpayment of Benefits (Overpayment Notice) to Claimant, indicating that he had received $1,965 in UC benefits to which he was not entitled, resulting in a fault overpayment under Section 804(a) of the Law, 43 P.S. § 874(a).[4] C.R. at 15-16. The Overpayment

---

Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [Department of Labor and Industry (Department)] . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

[3] Section 402(b) of the Law provides that a claimant is "ineligible for [UC] for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. § 802(b).

[4] Section 804(a) of the Law provides in relevant part:

Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the [UC] Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue . . . per month

2

Notice stated that March 16, 2020, was the final day to file a timely appeal. *Id.* at 15.

Also on February 28, 2020, the Service Center mailed to Claimant a Notice of Penalty Determination (Penalty Notice), finding that Claimant "knowingly made a false statement or knowingly failed to disclose information in order to obtain or increase the UC benefits [he] received." *Id.* at 17. The Service Center therefore penalized Claimant 10 weeks of benefits during the 10-year period following the end of his UC benefit year under Section 801(b) of the Law, and assessed a 15% penalty on the amount of benefits Claimant was overpaid under Section 801(c) of the Law. 43 P.S. § 871(b), (c) (relating to false statements and representations to obtain or increase compensation). C.R. at 17-18. The Penalty Notice also stated that March 16, 2020, was the last day to file a timely appeal. *Id.* Claimant did not file his appeal with the Referee from either the Overpayment Notice or the Penalty Notice until May 20, 2020. *Id.* at 23-41.

The Referee held an evidentiary hearing on June 11, 2020, via telephone. Claimant participated in the hearing, *pro se*, and testified on his own behalf. Employer did not participate in the hearing.

Claimant testified that, while he received the initial Notice of Determination finding him ineligible for UC benefits on either March 2, 3, or 4, 2020, he immediately wrote a letter to the Department rather than filing an appeal. *Id.* at 73. Claimant testified that he did not file an appeal because he was only concerned about the whereabouts of documentation he had faxed to the Service Center explaining

---

or fraction of a month from fifteen (15) days after the Notice of Overpayment was issued until paid.

43 P.S. § 874(a).

3

"[his] side of the story[,]" which he claimed was lost and never considered. *Id.* at 73-75. Claimant explained that he ultimately filed a late appeal on May 20, 2020, based on advice he received from a Service Center representative. *Id.* Claimant also admitted that he received the Overpayment and Penalty Notices, but he failed to timely appeal those determinations because he was confused about the process. *Id.* at 76.

Following the hearing, on June 15, 2020, the Referee determined that Claimant's appeal was untimely under Section 501(e) of the Law and, thus, the Referee lacked jurisdiction to consider the merits of the appeal. The Referee found, based on the evidence of record, that the notices were properly mailed to Claimant's last known post office address, were received by Claimant, and were not returned by the postal authorities as undeliverable. Ref.'s Finding of Fact (F.F.) Nos. 1-3. The Referee also found that Claimant was preoccupied with mailing his initial UC documents to the Service Center rather than appealing the notices and, thus, he was neither misinformed nor misled regarding his right or need to appeal. *Id.* Nos. 6-7. Because Claimant waited until May 20, 2020, to file his appeal, the Referee dismissed Claimant's appeal as untimely. Ref.'s Order, 6/15/20, at 2.

Claimant timely appealed to the Board and requested a remand hearing, seeking to present additional evidence regarding his medical conditions that allegedly precluded him from attending hearings in person. C.R. at 94-98. Claimant also requested permission to file a brief, which the Board granted. *Id.* at 102-03. On August 1, 2020, Claimant submitted his brief to the Board, explaining that his poor health prevented him from attending in-person hearings, but when he learned on May 20, 2020, that he could have a telephone hearing, he immediately filed an appeal. *Id.* at 105-08.

4

On August 31, 2020, the Board affirmed the Referee's decision. After making its own findings of fact based on the record evidence, the Board concluded as follows:

> Here, the final days to file appeals from the Department's determinations were March 13 and 16, 2020. However, [C]laimant failed to file an appeal until May 20, 2020.
>
> Section 501(e) of the Law strips the Board and its referees of jurisdiction to accept an appeal filed after the statutory period expires unless [the late appeal was] caused by fraud or its equivalent by the administrative authorities, a breakdown in the administrative process, or non-negligent conduct.
>
> [C]laimant did not appeal by March 13 or 16, 2020, because he did not want to attend an in-person hearing due to health concerns. Section 101.128(b)(2) of Title 34 of the Pennsylvania Code[, 34 Pa. Code § 101.128(b)(2),] permits testimony by telephone if "[t]he party or witness is reasonably unable to testify in person due to a compelling . . . health reason." Because [C]laimant could have been accommodated for his health condition with a telephone hearing, his unwillingness to participate in an in-person hearing did not justify his late appeal.

Bd.'s Order, 8/31/20, at 2.

On September 8, 2020, Claimant filed his Reconsideration Request of the Board's August 31, 2020 Order,[5] which the Board received on October 2, 2020. C.R. at 114-20. Claimant asserted that he had good cause for not filing a timely appeal, because it was not until May 20, 2020, that he was told he could have been accommodated with a telephone hearing due to his health conditions. *Id.* at 114. The Board did not rule on Claimant's Reconsideration Request by October 8, 2020, and, therefore, it was deemed denied pursuant to Section 35.241(d) of the General Rules of Administrative Practice and Procedure, which provides that "[u]nless the

---

[5] *See* 34 Pa. Code § 101.111 (providing that requests for reconsideration must be submitted 15 days after issuance of a Board decision); 1 Pa. Code § 35.241(a) (same).

agency head acts upon the application for rehearing or reconsideration within 30 days after it is filed, or within the lesser time as may be provided or prescribed by law . . . , the application shall be deemed to have been denied." 1 Pa. Code § 35.241(d).

Notwithstanding the deemed denial, on October 29, 2020, the Board mailed a letter to Claimant, replying to his Reconsideration Request as follows:

> This notice is to inform you that the Board will not issue a ruling on your request for reconsideration, as it no longer has jurisdiction to do so. *However, your request was deemed denied by operation of law when the Board failed to act on it within the permissible time period.*

C.R. at 122 (emphasis added).

On November 10, 2020, Claimant filed a *pro se* communication with this Court, indicating his intent to appeal the Board's October 29, 2020 letter. He then perfected his appeal by submitting an ancillary Petition for Review on November 25, 2020, thereby preserving November 10, 2020, as the filing date of his Petition for Review.[6]

By Order dated June 7, 2021, this Court observed that Claimant's Reconsideration Request appeared to be untimely filed with the Board and, therefore, the Board may have lacked jurisdiction to consider it. Accordingly, we

---

[6] Claimant sent his *pro se* communication indicating his intent to appeal to this Court via United States Postal Service (USPS) certified mail on November 10, 2020. As such, that is the date it was deposited in the mail and, thus, the date on which review was sought in this Court. *See* Pa.R.A.P. 121(a) and (c) (stating that "[p]apers required or permitted to be filed in an appellate court" may be filed "by first class, express, or priority [USPS] mail, which service is complete upon mailing"; Pa.R.A.P. 1514(a) (stating that a petition for review that "is filed by first class, express, or priority [USPS] mail . . . shall be deemed received by the prothonotary for the purposes of Pa.R.A.P. 121(a) on the date deposited in the United States mail, as shown on a [USPS] Form 3817, Certificate of Mailing, or other similar [USPS] form from which the date of deposit can be verified").

directed the parties to address the appealability of the Board's October 29, 2020 letter in their principal briefs on the merits.

## Analysis

We first consider the timeliness of Claimant's Reconsideration Request. Claimant argues that he timely submitted his Reconsideration Request to the Board on September 8, 2020, and the fact that the Board may not have received it until October 2, 2020, is not his fault but, rather, the fault of USPS. Pet. for Rev. at 2-3; Claimant's Br. at 4, 13, 15-16. Specifically, Claimant contends that USPS sent his Reconsideration Request to New York by mistake, thus delaying its delivery to the Board. Claimant's Br. at 13, 15-16.[7] Claimant also argues the merits of his appeal, claiming that he should be granted UC benefits because his submissions to the Service Center and the Referee were timely, and that any errors regarding the submission of his documents were the responsibility of the Service Center and/or the Referee. Pet. for Rev. at 3-6; Claimant's Br. at 13-17. He further contends that, because Employer "knew [it] was wrong and did not show up for the [UC hearing]," Claimant should have won his appeal. *Id*. at 14.

Section 101.111 of the Board's regulations, 34 Pa. Code § 101.111, provides that a request for reconsideration must be filed within 15 days of the Board's decision, as determined by the provisions of Section 101.102 (relating to form and filing of application for further appeal from decision of referee). Section 101.102, 34 Pa. Code § 101.102, in turn, provides that appeals from referees' decisions must

---

[7] Claimant has attached documentation to his appellate brief, which he claims proves that USPS sent his Reconsideration Request to New York by mistake, thus delaying its ultimate delivery to the Board. *See* Claimant's Br., Attachments. It is well settled, however, that this Court may not consider extra-record evidence that is not part of the certified record on appeal. *See Umedman v. Unemployment Comp. Bd. of Rev.*, 52 A.3d 558, 564 (Pa. Cmwlth. 2012). We therefore do not consider the extra-record evidence attached to Claimant's brief in our review of this matter.

be filed in accordance with, *inter alia*, Section 101.82 of the Board's regulations, 34 Pa. Code § 101.82 (relating to time for filing appeal from a determination of the Department). The rules for establishing whether an appeal, or in this case, a request for reconsideration, was filed on or before the requisite 15th day are set forth in Section 101.82(b)(1)(i)-(iii) of the Board's regulations, which provides:

> (b) A party may file a written appeal by any of the following methods:
>
> > (1) *United States mail.* The filing date will be determined as follows:
> >
> > > (i) The date of the official [USPS] postmark on the envelope containing the appeal, a [USPS] Form 3817 (Certificate of Mailing) or a [USPS] certified mail receipt.
> > >
> > > (ii) If there is no official [USPS] postmark, [USPS] Form 3817 or [USPS] certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.
> > >
> > > (iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or the Board when it receives the appeal.

34 Pa. Code § 101.82(b)(1)(i)-(iii).

This Court recently observed that "Section 101.82 of the Board's regulations 'does not recognize placing an appeal in the mail as the initiation of the appeal'; rather, Section 101.82 places significance on the date of the postmark, meter mark, USPS Form 3817, or certified mail receipt, and, in their absence, the date the appeal is received by the Board." *Barksy v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 1112, 1118 (Pa. Cmwlth. 2021) (citation omitted). Thus, an appeal or request for reconsideration sent on or before the 15th day will be considered timely even if it is received beyond the 15-day period. *Id.*

8

Here, the mailing date of the Board's Order was August 31, 2020; thus, any request for reconsideration had to be submitted to the Board no later than September 15, 2020. The certified record shows that the envelope containing Claimant's Reconsideration Request bears a postage meter mark dated September 8, 2020. C.R. at 119. As such, that is the date of its filing under the Board's regulations. Accordingly, we conclude that Claimant timely requested reconsideration of the Board's August 31, 2020 Order.

Next, we consider the appealability of the Board's October 29, 2020 letter from which Claimant purports to petition this Court for review. Claimant does not address the appealability of the Board's October 29, 2020 letter in his brief to this Court. The Board, however, submits that Claimant's Petition for Review must be dismissed because the October 29, 2020 letter is not an appealable adjudication. We agree with the Board.

The Board issued its Order affirming the Referee's decision on August 31, 2020, and Claimant did not appeal from that Order within 30 days. *See* Pa.R.A.P. 1512(a)(1) (providing that a petition for review of a quasi-judicial order shall be filed with the prothonotary of the appellate court within 30 days after entry of the order). Instead, Claimant timely filed his Reconsideration Request with the Board on September 8, 2020. Because Claimant did not appeal the Board's August 31, 2020 order, the Board had 30 days from the date the Reconsideration Request was filed to act on the request. *See* 34 Pa. Code § 101.111; *see also* 1 Pa. Code § 35.241(d) (providing that an agency has 30 days from the date of filing of a reconsideration request to act on the request where no appeal of the initial order has been filed).

9

There is no question that the Board failed to act on Claimant's Reconsideration Request in a timely manner, i.e., within 30 days of its filing, and thus, the request was deemed denied on October 8, 2020.

The Board's October 29, 2020 letter, which was issued after Claimant's Reconsideration Request was deemed denied, merely informed Claimant that the Board would not be issuing a ruling on his Reconsideration Request because it lost jurisdiction to do so, and, therefore, Claimant's request "was deemed denied by operation of law when the Board failed to act on it within the permissible time period." C.R. at 122. As the Board correctly asserts, this letter is not an adjudication from which a valid appeal may be taken. *See Ciavarra v. Com.*, 970 A.2d 500, 503 (Pa. Cmwlth. 2009) ("[A]n agency that does not act on a request for reconsideration within the [prescribed] period . . . loses jurisdiction over the request, and *any action taken beyond the [prescribed] period [is] null and void*.") (emphasis added); *Colonial Manor Pers. Care Boarding Home v. Dep't of Pub. Welfare*, 551 A.2d 347, 350 (Pa. Cmwlth. 1988) (stating that an administrative order issued after a deemed denial of reconsideration is "a nullity . . . [with] nothing to appeal"); *see also Paulus v. Unemployment Comp. Bd. of Rev*. (Pa. Cmwlth., No. 257 C.D. 2012, filed Dec. 28, 2012), slip op. at 3 & n.3 (wherein the Board acknowledged that its order denying the claimant's reconsideration request had no legal effect because it was issued after the date the claimant's request was deemed denied).[8] Accordingly, because Claimant's Petition for Review identifies the Board's October 29, 2020 letter as the Board action from which he appeals, there is no adjudication for this Court to review.

---

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court, while not binding, may be cited for its persuasive value.

10

However, even if we were to find that Claimant intended to appeal from the Board's October 8, 2020 deemed denial of his Reconsideration Request – rather than from the Board's October 29, 2020 letter[9] – Claimant still would not be entitled to relief. When a claimant appeals from the Board's denial of reconsideration, our review is limited solely to the denial of reconsideration, not the merits of the claimant's underlying appeal to the Board. *See Williams v. Unemployment Comp. Bd. of Rev.*, 125 A.3d 875, 876 (Pa. Cmwlth. 2015) (stating that where the claimant files an untimely petition for review from the Board's decision on the merits but files a timely petition for review from the Board's order denying reconsideration, this

---

[9] If Claimant intended to appeal from the Board's October 8, 2020 deemed denial, we would conclude that his appeal was timely. As noted earlier, a petition for review of an agency order must be filed with the appellate court within 30 days after entry of the order. Pa.R.A.P. 1512(a)(1). With regard to an appeal from a deemed denial, Pa.R.A.P. 108(a)(2) states:

> When pursuant to law *a determination of a government unit other than a court is deemed to have been made by reason of the expiration of a specified period of time after submission of a matter to the government unit* or after another prior event, any person affected may treat the expiration of such period as equivalent to the entry of an order for the purposes of appeal (in which event the notice of appeal or other document seeking review shall set forth briefly facts showing the applicability of this paragraph) *and shall so treat the expiration of the period where the person has actual knowledge (other than knowledge of the mere lapse of time) that the implied determination has occurred.*

Pa.R.A.P. 108(a)(2) (emphasis added). The Note to Rule 108 explains that subsection (a)(2) is patterned after Section 5571(c)(6) of the Judicial Code, 42 Pa. C.S. § 5571(c)(6), and the 1979 Comment to Rule 108 states that "[w]here a determination is implied by the passage of time without action by a government unit, an aggrieved party is given the option either to appeal at once at the expiration of the period *or to rely on the government unit . . . to give notice that an implied determination has been made*." Pa.R.A.P. 108 cmt. (1979) (emphasis added). Consistent with Section 5571(c)(6) of the Judicial Code, Rule 108(a)(2) only requires a person to treat the deemed denial date as the date of entry when he or she "has actual knowledge (other than knowledge of the mere lapse of time) that the implied determination has occurred." Here, Claimant asserts that he did not have actual knowledge of the deemed denial until he received the Board's October 29, 2020 letter. Once notified, Claimant filed an appeal on November 10, 2020, well within the 30-day appeal period. Therefore, Claimant's purported appeal from the Board's deemed denial was timely.

11

Court's "review is limited to the [Board's] denial of reconsideration"); *Ciavarra*, 970 A.2d at 502 n.2 (recognizing that a petitioner who appeals only the denial of reconsideration is not entitled to a review of the agency's decision on the merits). In his Petition for Review and appellate brief, Claimant merely rehashes the same arguments he raised in his initial appeal to the Board, which, like the Referee, dismissed Claimant's appeal as untimely. Claimant does not argue before this Court that the Board abused its discretion in denying his request for reconsideration. Therefore, we conclude that Claimant has waived any challenge to the Board's reconsideration ruling. *See Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) (holding that the petitioner's failure to develop an issue in an appellate brief results in waiver).

## Conclusion

Accordingly, we quash Claimant's Petition for Review.

_____
ELLEN CEISLER, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernard W. Alonge,                                  :
                    Petitioner                      :
                                                    :
          v.                                        :  No. 1218 C.D. 2020
                                                    :
Unemployment Compensation                           :
Board of Review,                                    :
                    Respondent                      :

## **O R D E R**

AND NOW, this 22nd day of December, 2021, the Petition for Review filed by Bernard W. Alonge is hereby QUASHED.

_____
ELLEN CEISLER, Judge