IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Serrano, : CASES CONSOLIDATED
            Petitioner :
                     :
      v. :
                     : Nos. 622 C.D. 2022
Department of Human Services, : 1269 C.D. 2022
            Respondent : Submitted: May 7, 2024

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                   FILED: June 5, 2024

Jennifer Serrano (Serrano) petitions *pro se* for review of the April 25, 2022, order of the Department of Human Services (DHS), which denied as untimely Serrano's request for reconsideration of the March 30, 2022, order of the DHS Bureau of Hearings and Appeals (Bureau); Serrano also petitions for review from the Bureau's March 30, 2022, order, which adopted the March 16, 2022, adjudication of an administrative law judge (ALJ). The ALJ concluded that the Bureau did not have jurisdiction to consider Serrano's challenge to a December 24, 2020, report by the Philadelphia County Department of Human Services (County Agency). The County Agency had determined that allegations of Serrano's lack of supervision of her minor children on November 27, 2020, were valid, but that protective services were not necessary at that time. Upon review, we quash Serrano's appeal of the Bureau's March 30, 2022, order and vacate the DHS's April 25, 2022, order.

## I. Factual & Procedural Background

On November 27, 2020, the County Agency issued a notice to Serrano advising that it was investigating a report of child abuse or neglect at her home in Philadelphia. Certified Record (C.R.) at 10. On December 24, 2020, the County Agency issued Serrano a letter stating that although the investigation "found that the allegations in the report were VALID [for] lack of supervision, there is no substantial evidence that your family is in need to general protective services[.] We are therefore closing the case on your family." *Id*. at 11.

Although the investigation resulted in no referral for protective services, Serrano sought to appeal the finding that the allegations in the report were valid because of her concern that the County Agency's December 2020 findings would impact an upcoming custody hearing. C.R. at 17. On April 1, 2021, the County Agency sent Serrano a letter stating that after review, the December 2020 determination of lack of supervision of the children in Serrano's home would remain in effect even though protective services were not warranted. *Id*. at 15. Serrano sent another letter to the County Agency on June 24, 2021, stating that she still wished to further appeal the December 2020 findings. *Id*. at 20.

A telephone hearing was held before the ALJ on January 26, 2022, at which Serrano was represented by counsel. She asserted that although the County Agency's December 2020 determination did not refer her case for protective services, it had been used by her former husband in her custody dispute along with two prior reports that were found unsubstantiated. C.R. at 59-60. She asked that the records of the three reports be expunged. *Id*. at 60. The ALJ responded that the hearing was limited to the only matter properly before him, which was the December 2020 determination. *Id*. at 60-61. Counsel for the County Agency stated that

2

because the December report did not refer Serrano for protective services and was not listed on the ChildLine abuse registry, the Agency was not bound to expunge it and the Bureau did not have jurisdiction to address Serrano's appeal. *Id*. at 62.

Serrano's counsel reiterated that because the December 2020 determination found a valid instance of lack of supervision, even though the matter was not referred for protective services, Serrano suffered an adverse impact because her former husband, who had "manipulated the [DHS] system" by filing multiple reports against her, was granted primary physical custody of her children. C.R. at 63. Serrano's counsel asserted that the Bureau was her only recourse for equitable relief; therefore, it should have jurisdiction. *Id*. at 63-65. Serrano added that she was unable to appeal the December 2020 findings before her custody proceedings because the December 2020 letter did not include any appeal instructions like previous similar letters she had received. *Id*. at 67-68.

On March 16, 2022, the ALJ issued a written adjudication. C.R. at 24-30. The ALJ pointed out that appeals of local agency determinations concerning child abuse are limited by statute and regulations to instances where the agency refers the matter for protective services. *Id*. at 30. In Serrano's case, because the County Agency did not conclude that protective services were needed, no basis existed for her to appeal the determination despite its potentially adverse collateral impact in her custody proceedings. *Id*. As such, the Bureau did not have jurisdiction to address her appeal, which the ALJ recommended be dismissed. *Id*. The ALJ added that pursuant to Section 6341(a)(2) of the Child Protective Services Law, 23 Pa.C.S. § 6341(a)(2), expungement requests must be directed to the DHS Secretary and the Bureau does not have authority to consider such requests. *Id*.

3

On March 30, 2022, the Bureau issued an order adopting in full the ALJ's adjudication and recommendation. C.R. at 22. The order advised Serrano that she could either seek reconsideration of the ALJ's order by the DHS Secretary or appeal to this Court. *Id*. If she wished to seek reconsideration by the DHS Secretary, the attached request had to be completed and sent to the provided address in Harrisburg; the request "must be received . . . within fifteen (15) calendar days from the date of this Order," which was April 14, 2022, a Thursday. *Id*. If she wished to appeal to this Court, her appeal had to be filed "within thirty (30) days from the date of this order," which was April 29, 2022, a Friday. *Id*.

On April 15, 2022, Serrano mailed her request for reconsideration, which was received by the DHS on April 19, 2022. C.R. at 47. On April 25, 2022, the DHS Secretary issued an order denying the request as untimely. *Id*. at 49. The order advised Serrano that if she wished to appeal the denial to this Court, she must do so within 30 days, which was May 25, 2022, a Wednesday. *Id*. On May 2, 2022, this Court received a *pro se* letter from Serrano stating that she wished to appeal the DHS Secretary's April 25, 2022, denial of her request for reconsideration. That document was docketed in this Court at 622 C.D. 2022.

Subsequently, on June 16, 2022, this Court received a petition for review from Serrano indicating that she wished to appeal the Bureau's March 30, 2022, order stating that it lacked jurisdiction to consider her appeal from the County Agency's December 2020 determination. That filing was docketed in this Court at 1269 C.D. 2022. In an October 12, 2022, *per curiam* order at docket number 622 C.D. 2022, this Court stated that Serrano's May 2, 2022, letter preserved her appeal of the DHS Secretary's April 25, 2022, order denying reconsideration in 622 C.D. 2022. Order, Oct. 12, 2022. The October 2022 order also indicated that both

4

Serrano's May 2, 2022, letter and her June 16, 2022, petition for review appeared to be untimely to appeal the Bureau's March 30, 2022, order (as noted, 30 days from March 30, 2022, was Friday, April 29, 2022). *Id*. The parties were ordered to address the potential untimeliness in their briefs. *Id*. On April 14, 2023, this Court issued an order formally consolidating the matters. Order, Apr. 14, 2023.

These matters are now ripe for consideration and the foregoing can be condensed into the following timeline:

| | |
|---|---|
| 11/27/20: | Initial report to County Agency alleging potential abuse/neglect. |
| 12/24/20: | County Agency report: allegations valid but no services needed. |
| 4/1/21: | County Agency letter to Serrano: December 2020 report will stand. |
| 6/24/21: | Serrano letter to County Agency asking to appeal December 2020 report. |
| 1/26/22: | ALJ hearing. |
| 3/16/22: | ALJ adjudication and recommendation: no jurisdiction because County Agency did not order services. |
| 3/30/22: | Bureau order adopting ALJ adjudication and recommendation. |
| 4/14/22: | Deadline to request DHS reconsideration of Bureau's March 30, 2022, order. |
| 4/15/22: | Serrano mails reconsideration request. |
| 4/19/22: | DHS receives reconsideration request. |
| 4/25/22: | DHS order denying reconsideration request as untimely. |

4/29/22:    Deadline to appeal Bureau's March 30, 2022, order to this Court.

5/2/22:     Serrano letter to this Court seeking to appeal DHS denial of reconsideration (622 C.D. 2022).

5/25/22:    Deadline to appeal DHS denial of reconsideration to this Court.

6/16/22:    Serrano petition for review to this Court seeking to appeal Bureau's March 30, 2022, order adopting ALJ adjudication (1269 C.D. 2022).

10/12/22:   This Court's order stating that Serrano's 5/2/22 letter is timely for appeal of denial of reconsideration but both her 5/2/22 letter and 6/16/22 petition for review appear late for appeal of Bureau's March 30, 2022, order to this Court.

4/14/23:    This Court consolidates 622 C.D. 2022 and 1269 C.D. 2022.

## II. Discussion

Serrano petitions for review from the Bureau's March 30, 2022, order adopting the ALJ's adjudication and recommendation that the Bureau did not have jurisdiction to consider her appeal of the County Agency's December 2020 determination because the County Agency did not find her conduct warranted protective services, which would be the only basis upon which she could appeal. This Court must also determine whether Serrano's May 2, 2022, letter seeking to appeal that order to this Court was timely. Serrano also petitions for review from the DHS Secretary's April 25, 2022, order denying reconsideration of the Bureau's March 30, 2022, order on the basis that her appeal of that order was untimely.

6

## A. Bureau's March 30, 2022, Order

The timeliness of an appeal implicates an appellate court's jurisdiction and its competency to act. *Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 (Pa. Cmwlth. 2021). Thus, a party's failure to timely appeal an order generally divests the appellate court of jurisdiction to hear the appeal. *Id.* Pennsylvania Rule of Appellate Procedure 1512(a) states that a petition for review of an agency's final order "shall be filed . . . within 30 days after the entry of the order." Pa.R.A.P. 1512(a). A party's request that the agency reconsider its final order does not stay the appeal period. *Columbia Gas of Pa., Inc. v. Pa. Pub. Util. Comm'n*, 535 A.2d 1246, 1248 (Pa. Cmwlth. 1988).

Here, the Bureau's March 30, 2022, order expressly informed Serrano that if she wished to appeal to this Court, she had 30 days from the order date to file a petition for review, or until Friday, April 29, 2022. *See* C.R. at 22. Although Serrano mailed her request for reconsideration of the Bureau's order to the DHS Secretary on April 15, 2022, that did not halt the running of the 30-day clock to appeal to this Court. *See id.* at 47; *Oak Tree Condo. Ass'n v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016). This Court's October 2022 order stated that even if Serrano's May 2, 2022, letter preserved that date for her appeal of the Bureau's March 30, 2022, order, it would be late. Order, Oct. 12, 2022. As such, her appeal of the Bureau's March 30, 2022, order, which was due on April 29, 2022, was facially untimely.

Serrano's *pro se* brief addresses the merits of her appeal to this Court of the Bureau's March 30, 2022, order, but does not address the untimeliness of her *pro se* petition for review to this Court as instructed by our October 2022 order. This

7

Court is therefore left with no basis to consider whether circumstances exist such that Serrano's untimely petition for review to this Court can be rehabilitated on a *nunc pro tunc* basis to give it the effect of having been timely filed such that this Court may consider the merits. We recognize that Serrano's *pro se* May 2, 2022, letter to this Court was filed only three days after the April 29, 2022, deadline. However, under Pennsylvania law, *pro se* litigants are subject to the same rules of procedure as litigants represented by attorneys. *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023). Because the untimeliness of Serrano's petition for review of the Bureau's March 30, 2022, order deprives this Court of jurisdiction to address it, we are constrained to quash the appeal.

### B. DHS Secretary's April 25, 2022, Order

The Pennsylvania Administrative Code states that a request for reconsideration of an agency's final order "may be filed by a party to a proceeding within 15 days, or another period as may be expressly provided by statute applicable to the proceeding[.]" 1 Pa. Code § 35.241. The DHS's regulations specifically state that "[e]ither party to a proceeding has 15 days from the date of the decision of the [Bureau] within which to request reconsideration of that decision by the Secretary of the [DHS]." 55 Pa. Code § 275.4. The timeliness of a request for reconsideration is jurisdictional and the 15-day period is mandatory; therefore, a party's failure to timely request reconsideration deprives an agency of jurisdiction to consider the request. *Ciavarra v. Com.*, 970 A.2d 500, 503 (Pa. Cmwlth. 2009). As such, an agency's order *denying* reconsideration on the basis of an untimely request is itself invalid for lack of jurisdiction; the more appropriate disposition would be for the agency to *dismiss* the request as untimely. *See Flowers v. Pa. Bd. of Prob. & Parole*,

565 A.2d 185, 186 (Pa. Cmwlth. 1989) (stating that the Board properly dismissed Flowers's untimely request for reconsideration).

Here, the Bureau's March 30, 2022, order expressly informed Serrano that if she wished to seek reconsideration, her written request "must be received" at the provided DHS address in Harrisburg within 15 calendar days, which was April 14, 2022, a Thursday. C.R. at 22. The record includes a copy of the envelope in which Serrano mailed her request, which indicates that it was mailed on April 15, 2022, and received by the DHS on April 19, 2022. Serrano's request was therefore untimely and on April 25, 2022, the DHS Secretary issued an order denying reconsideration on that basis. *Id*. at 49.

As set forth above, Serrano timely petitioned this Court for review of the DHS Secretary's April 25, 2022, order. In her *pro se* brief, she addresses the merits of her appeal to this Court of the Bureau's March 30, 2022, order, but does not address the underlying untimeliness of her April 2022 reconsideration request to the DHS Secretary. This Court is therefore left with no basis to consider whether Serrano's request can be rehabilitated on a *nunc pro tunc* basis, which would give it the effect of having been timely filed such that this Court may consider the merits. We recognize that Serrano's request was received by the DHS only five days late. However, under Pennsylvania law, *pro se* litigants are subject to the same rules of procedure as litigants represented by attorneys. *Kozicki*, 299 A.3d at 1063.

As set forth above, an untimely request for reconsideration deprives the agency of jurisdiction to consider the request and the agency's denial (rather than dismissal) of such a request is itself invalid for lack of jurisdiction. *Ciavarra*, 970 A.2d at 503. Although Serrano timely filed her petition for review to this Court from the DHS Secretary's April 25, 2022, order denying (rather than dismissing) her

9

request for reconsideration on the basis of untimeliness, that order was invalid and must be vacated as a nullity. *See Sloan v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 1167 C.D. 2017, filed June 4, 2018), slip op. at 5-6, 2018 WL 2467252, at \*3 (unreported).

### III. Conclusion

The DHS Secretary's April 25, 2022, order denying Serrano's request for reconsideration is vacated as null. This renders final the Bureau's March 30, 2022, order dismissing for lack of jurisdiction Serrano's appeal of the County Agency's December 2020 determination that the November 2020 allegations against Serrano were valid even though protective services were not warranted. For the reasons explained above, we are constrained to quash Serrano's appeal of the Bureau's March 30, 2022, order as untimely.[1]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[1] We note that, as the Bureau correctly concluded, appeals are only viable from determinations that protective services are warranted, which was not the case here even though the County Agency found the allegations against Serrano were valid. *See* 55 Pa. Code § 3490.241(a) ("*When a county agency accepts a case for services*, the custodial parents or the primary persons who are responsible for the care of the child may appeal that decision.") (emphasis added). Likewise, the Bureau correctly determined that it did not have authority to address Serrano's request that the County Agency's December 2020 report be expunged, as such requests must be directed to the DHS Secretary. *See* 23 Pa.C.S. § 6341 ("Any person named as a perpetrator . . . in an indicated report of child abuse may, within 90 days of being notified of the status of the report, request an administrative review by, or appeal and request a hearing before, the [S]ecretary to amend or expunge an indicated report").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Serrano, : CASES CONSOLIDATED
               Petitioner : 
                               :
          v. :
                               :
Department of Human Services, : Nos. 622 C.D. 2022
               Respondent :        1269 C.D. 2022

# **O R D E R**

AND NOW, this 5th day of June, 2024, the appeal of Jennifer Serrano (Serrano) of the March 30, 2022, order of the Bureau of Hearings and Appeals (Bureau) of the Department of Human Services (DHS) is QUASHED as untimely. The April 25, 2022, order of the DHS Secretary denying Serrano's request for reconsideration of the Bureau's March 30, 2022, order as untimely is VACATED for lack of jurisdiction.

_____
CHRISTINE FIZZANO CANNON, Judge